# FOURTH DISTRICT, 1897.

San Antonio Street Railway Co. v. Augusta Renken et al.

Delivered January 6, 1897.

**1.   Continuance—Absence of Witness—Diligence.**

A second application for a continuance for the absence of a witness who has gone to Europe is properly refused, where such witness told the applicant before going of his intention to leave, and stated that another person would testify to the same facts expected to be proved by him, although such other person fails to testify as expected.

**2.   Depositions—Witness in Court.**

A deposition should not be rejected simply because the witness is in court.

**3.   Evidence in Rebuttal of Negligence in Causing Death.**

Evidence that a person killed on a street railway track did nothing at or before the time of his death indicating that he was drunk or insane is admissible in rebuttal of testimony by the motorman that he had walked along by the track, and although he sounded the gong and called to him, he staggered on to the track just in front of the car and was knocked down and killed, and that an autopsy of the body requested in order to ascertain if the deceased had been drinking intoxicants was not allowed.

**4.   Street Railway—Injury to Person on Track—Liability.**

A street railway company is liable for the death of a person killed on its track without contributory negligence, where the death is caused by the negligence of the motorman in failing to keep watch, although proper means were used to stop the car after discovering the deceased on the track.

**5.   Charge of Court—Measure of Damages—Death.**

An instruction that the jury may find for plaintiffs suing for the death of their husband and father "such sum as they believe plaintiffs might have received from the assistance or earnings of the deceased if he had not been killed," but stating elsewhere that their feelings, loss of society, or any other fact than the pecuniary injury, if any, cannot be considered in assessing the damages, is not objectionable as permitting a recovery for other than the pecuniary benefits they had reasonable expectation of receiving from him.

**6.   Street Railway—Right in Street.**

A street railway company has no use or control in preference to the general public as to any part of the street on which its tracks are located.

**7.   Damages for Death—Verdict not Excessive.**

A verdict for $5000 for the death of a healthy young man who had been supporting his family is not excessive, although he was out of employment at the time of his death.

**8.   Injuries Resulting in Death—Action by One for Benefit of Another—Consent.**

The widow of one killed by the negligence of another has authority to bring suit for damages for herself, and also for the use and benefit of her husband's parents, without their knowledge or consent.   Rev. Stats., 1895, art. 3022.

**9. Same—Same—Good Faith.**

An allegation in the petition by the widow of one killed by the negligence of defendant, that the parents of the deceased resided in a foreign country, and did not receive and would not have received from him any pecuniary aid, and that they are joined by her as plaintiffs simply for the purpose of having their rights adjudicated finally, does not show that she did not bring the suit in good faith for the benefit of all the parties entitled to recover, where the parents had in fact no right to recover.

APPEAL from Bexar.   Tried below before Hon. J. L. CAMP.

*W. W. King*, for appellant.—1.   The court erred in refusing to permit the defendant to withdraw its announcement and to continue the cause.   Childs v. State, 10 Tex. App., 183; Branch v. DuBose, 55 Ga., 21; Dempsey v. Taylor, 23 S. W. Rep., 221.

2.   It was error for the court to charge the jury that a street car company has no right to the exclusive use of any part of the street upon which its tracks are laid, and all persons have an equal right to the use of the same for travel over and across said street.   Moore v. Railway, 29 S. W. Rep., 9; Booth on Street Railways, sec. 303 and note; Chrisman v. Railway, 24 Atl. Rep., 596; Warner v. Railway, 21 Atl. Rep., 737; Childs v. Railway, 33 La., 154; Fenton v. Railway, 126 N. Y., 625, 26 N. E. Rep., 967; Quinn v. Railway, 12 N. Y. Sup., 223; Booth on Street Railways, sec. 304.

3.   It was error for the court to refuse a new trial, when it was proven that E. Renkin and his wife were made parties plaintiff without their authority.   Weeks on Attorneys, sec. 200; Dunlap v. Southerlin, 63 Texas, 39; 2 Freeman on Judgments, sec. 499; Railway v. Wilson, 85 Texas, 516, 22 S. W. Rep., 578; Railway v. Culberson, 68 Texas, 665; Railway v. Kutac, 77 Texas, 643; Railway v. Hall, 83 Texas, 675; Railway v. Taylor, 5 Texas Civ. App. 668; Railway v. Henry, 75 Texas, 220.

*Webb & Finley*, for appellees.—1.   A continuance will not be granted on the ground of surprise, when it is apparent that the applicant had every opportunity to inform himself as to what the witness would say long before the trial began, and used no diligence whatever to avoid a surprise.   Mayer v. Duke, 72 Texas, 450; Railway v. Hardin, 62 Texas, 369; Arnold v. Hockney, 51 Texas, 47; Allyn v. Willis, 65 Texas, 65.

2.   It was appellant's duty to use reasonable care to discover the deceased upon the track, and if the injuries arose by virtue of its failure to discover him by the exercise of reasonable care, it is liable.   If, after deceased was discovered upon the track, appellant failed to use reasonable care to avoid killing him, it is liable.   Railway v. Phillips, 37 S. W. Rep., 620, and cases cited; Railway v. Hewitt, 67 Texas, 473; Railway v. Hurley, 31 S. W. Rep., 73; Railway v. Mechler, 87 Texas, 623; Shearman & Redfield on Negligence, sec. 462; Rascher v. Railway, 30 Am. St. Rep., 447 and note; Hays v. Railway, 70 Texas, 602.

3.   A street car company has no right to the exclusive use of that part of the street upon which its track is laid, and all persons have an equal right to use the same for travel over and across the street.   Railway v. Mechler, 87 Texas, 632; Railway v. Hewitt, 67 Texas, 479; Railway v. Limburger, 88 Texas, 86; Railway v. Hurley, 31 S. W. Rep., 73; Railway v. Woodlock, 29 S. W. Rep., 817; Shearman & Redfield on Negligence, sec. 462; Rascher v. Railway, 30 Am. St. Rep., 447, and collation of authorities in note; Railway v. Railway, 64 Texas, 84.

4.   Actions for injuries resulting in death lie for the benefit of the surviving husband, wife, children and parents of the deceased, and may be brought by all the parties entitled thereto, or by any one or more of them for the benefit of all.   Revised Statutes, arts. 1203, 2903, 2904; Railway v. Henry, 75 Texas, 222; Railway v. Taylor, 5 Texas Civ. App., 670, 24 S. W. Rep., 975; Paschal v. Owen, 77 Texas, 585; Railway v. Culberson, 68 Texas, 667; Railway v. LeGeirse, 51 Texas, 199; Railway v. Fuller, 36 S. W. Rep., 319.

FLY, Associate Justice.—Appellees sued appellant to recover damages for the death of John Renken, who it was alleged was the husband of Augusta Renken, the father of Carl W. Renken, and the son of E. Renken and his wife, and was killed through the negligence of appellant.   The residence of the parents of John Renken was alleged to be Zwischenan, Olendenburg, Germany.

Appellant filed a general demurrer, general denial, and a special answer, alleging that deceased was in a drunken condition when killed, and that his death resulted from his walking in front of an approaching car, and in failing to heed the sound of the gong and the warning given him by the motorman.

The case was tried with a jury and resulted in a verdict and judgment for $5000, apportioned equally between the wife and son of deceased,— the jury finding that the parents were not entitled to damages.

We conclude that John Renken came to his death on the night of February 9, 1896, by being negligently run over and crushed to death by a street car owned by appellant.   We find that deceased was walking along the track of appellant's railway, in the city of San Antonio, with his back to the approaching car, and that although deceased was in a place where he should have been seen, and was seen by the motorman, no signal was given nor effort made to stop the car, which was moving at a rapid rate of speed.   Augusta Renken, the wife of deceased, and Carl W. Renken, his son, were dependent upon him for a support, but he contributed nothing to the support of his parents, who reside in Germany.

After appellees had closed their testimony, appellant asked leave to withdraw its announcement of ready, and to continue the case on account of the absence of Otto Koehler, vice-president and manager of the San Antonio Brewing Association, by whose testimony it was expected

to be shown that, about six months prior to his death, deceased, John Renken, was in the employ of the brewing association; that he was an habitual drunkard, and had been discharged from said employment on account of his drunkenness. It was stated in the application that some time before the trial Koehler had informed appellant that he expected to leave for Europe, and that his deposition was not taken because Koehler informed appellant that one Oswald Schriever, the chief brewer of the association, would swear to the same facts, and had been instructed by him to attend the trial; that Koehler had gone to Europe, and that appellant never discovered, until after appellees had introduced their testimony, that Schriever would not swear to the same facts expected to be elicited from Koehler.

It was a second application for a continuance. The bare statement of the grounds for continuance shows that no diligence was exercised by appellant to obtain the testimony of Koehler. It was the duty of appellant to take the deposition of Koehler when the information was given that the witness intended leaving for Europe, and appellant cannot justify its neglect on the ground of a statement made by Koehler. It should have ascertained the truth of the statement of Koehler that Schriever would swear to the same facts. No effort was made to do this, but Koehler was allowed to depart without depositions being taken, and an announcement of ready for trial was made and the testimony of appellees closed, before Schriever was asked about his testimony. No diligence was used to procure the testimony, and the application for a continuance was properly overruled. Railway v. Hardin, 62 Texas, 367.

After the testimony of appellant had been introduced, appellees were permitted, over the objection of appellant, to read in evidence the depositions of Hattie Williams. The only objection urged to the introduction of the whole of the deposition was that the witness was present at the trial and could give her testimony from the stand, and because the testimony in rebuttal should not have been given after appellant had closed its case. The fact of the presence of the witness in court furnishes no ground for the rejection of his deposition. Schmick v. Noel, 64 Texas, 406; O'Connor v. Andrews, 81 Texas, 28. Testimony in rebuttal must necessarily be given after the party has closed whose testimony it is desired to rebut. Until that time, no opportunity is offered for the introduction of testimony in rebuttal.

In another bill of exceptions that part of the deposition of Hattie Williams in which she testified that John Renken, at or just before the time that he was killed, did nothing that indicated that he was drunk or insane, was objected to because not in rebuttal of any testimony offered by appellant. The motorman had testified that the deceased had walked along by the track, and although he sounded the gong and called to him, he heeded it not, but staggered on to the track just in front of the car, and was knocked down and killed. Such action would indicate that the man was either drunk or crazy. Again, E.

Griff Jones, a witness for appellant, testified that he had, as justice of the peace, refused to allow an autopsy of the body which appellant desired, in order to ascertain if deceased had been drinking intoxicants. Appellant's defense was that deceased was drunk, and remained on the track, and paid no attention to the gong or calls of the motorman. The evidence was proper in rebuttal.

The court charged the jury as follows: "If you find from the testimony that the deceased, John Renken, was run over and killed by one of defendant's cars while on one of defendant's street car tracks, and you further find that one of defendant's employes, in charge of said car, failed to use reasonable care and caution to discover deceased upon its track, or that they were guilty of negligence in failing to stop said car in time to avoid killing the deceased, after having discovered him upon the track, then you will find for the plaintiff." The above charge is objected to, because "it made the defendant company liable in failing to use reasonable care and caution to discover the deceased upon its track, without regard to subsequent negligence in causing his death; and said charge being so framed that the defendant company was required to discover the deceased, even though they used care to prevent injuring him after having discovered him."

We are of the opinion that the charge is correct. It was the duty of the street car company to use ordinary care in discovering persons on its tracks, while running its cars, and if, through its negligence in failing to keep a watch, deceased was killed, the company was responsible; or, if appellant failed to use proper means to stop the car, after discovering deceased, and deceased thereby lost his life, the company would be responsible. If the death of John Renken was brought about through the negligence of appellant in not using ordinary care in ascertaining if one was upon the track, it would be liable, "without regard to subsequent negligence in causing his death." Its negligence in not discovering the man on the track could not be excused or mitigated by efforts to prevent the death, when its efforts to prevent the death were too late, on account of the very negligence in not discovering him sooner. The cases cited by appellant have no application to the facts of this case.

The duty imposed on appellant by the charge in regard to using ordinary care to discover persons on the track has been applied to ordinary railway companies at any point on their lines (Railway v. Watkins, 88 Texas, 20), and it would with much greater force apply to a street railway company, where persons are at all times traveling along and across the streets, and where they enjoy equal privileges with the street railway company in the use of the part of the street occupied by the track of the railway.

In the fifth assignment of error complaint is made of the paragraph of the charge in which the jury were informed that they could find for such sum as from the evidence they believed "Augusta Renken and Carl W. Renken might have received from the assistance or earnings of the

said John Renken, deceased, had he not been killed by the car of defendant." The error assigned is that the charge permits a recovery for the benefit arising "from the assistance or earnings of deceased, when the true measure of damages is the pecuniary benefit which the plaintiffs had a reasonable expectation of receiving from him."

The part of the charge objected to is taken from the first part of a lengthy paragraph, and if standing alone was subject to the criticisms urged. Still, in the latter part of the paragraph, the court said: "You are charged that their feelings, loss of society, or any other fact than the pecuniary injury, if any, cannot be considered by you in assessing the damages, if any you find; and the loss, if any, in a pecuniary way will be determined by the evidence alone." The paragraph, looked at as a whole, is not objectionable.

At the request of appellees, the court charged the jury: "A street car company has no right to the exclusive use of any part of the street upon which its track is laid, and all persons have an equal right to the use of the same for travel over and across the street, and the degree of diligence which the law imposes upon the street car company is that care which a man of ordinary prudence would exercise under like circumstances." This charge is claimed to be erroneous, and it is insisted that the right of the street car is paramount to that of the public, and that persons have not an equal right to the use of that part of the street used by the street car company, for traveling over and across the streets. A number of decisions of other states are cited in support of this position.

Whatever may be the theory in other States, in Texas the streets and public highways are set apart for public use, and no person or corporation can receive the right or authority to have the exclusive or paramount use or control over such streets or highways, or any part of them. The privilege of crossing them given to steam railways, or the privilege of running along them granted to street railways, does not infringe the right of the general public to their use on terms of perfect equality with those to whom the privilege of use has been granted. The doctrine applied to the use of public crossings by ordinary railways and the general public is applicable to any part of the streets of a city or town used by street railway companies. The authorities in Texas, without exception, support this proposition.

In the case of Street Railway v. Mechler, 87 Texas, 628, it is said: "A street car company has no right to the exclusive use of that part of the street upon which its track is laid, but all persons have an equal right to use the same for travel over and across the street. Such persons so using that part of the track are lawfully there, and the degree of diligence which the law imposes upon the street car company is the same as that resting upon a railroad company as to persons lawfully on its track at crossing of highway, which is ordinary care,—that care which a man of ordinary prudence would exercise under like circumstances." This

language is but a reiteration of that used by the late Chief Justice Stayton in the case of Railway v. Hewitt, 67 Texas, 473.

It is the doctrine in this State that the operation of street railways, whether operated by horse or electricity, does not constitute an additional servitude, but that such railways occupy the same relation to the streets that omnibuses, cabs, carriages, and other vehicles do. Street Railway v. Limburger, 88 Texas, 79.

It could with as much propriety be argued that a carriage or omnibus had a paramount right in the streets to a pedestrian, as that a street car has. They stand upon the same footing, and in regard to each of them the test of their duty and liability to others using the streets is the exercise of ordinary care,—such care as a man of ordinary prudence would exercise under like circumstances. The exercise of such care was all that was required by the charge of appellant, and this duty it owed to persons exercising their lawful right in using any part of the street for traveling purposes. There was nothing in the charge to mislead the jury. It was the law of the case.

The evidence does not show any contributory negligence upon the part of the deceased, but, on the other hand, shows that the motorman on appellant's car recklessly ran deceased down and killed him, without attempting to stop the car or give him warning of its approach.

A verdict of $5000 for the life of a healthy young man, who had been supporting his family, cannot be held to be excessive. Because deceased happened to be out of employment at the time of his death, would not preclude his family from recovering damages for his death, based on what he had been in the habit of earning. Such a rule would be very unjust to those who lead the lives of employes.

In the petition it was alleged that "E. Renken and his wife, the parents of the deceased, reside in a foreign country, and did not receive and would not have received any pecuniary aid from him, and they are joined herein for the purpose only of having their rights finally adjudicated." The evidence showed that these allegations were true and the court instructed a verdict against the parents of deceased, and the verdict so found, and it was so decreed in the judgment. Upon the application for a new trial, it was shown that counsel representing Mrs. Renken and her minor son did not have authority from the parents of deceased to represent them; and it is contended by appellant that said parties having been made such without their knowledge or consent, the judgment was not binding on them.

It is true, ordinarily, that a person cannot be made a party in a suit without his knowledge or consent, but the action for damages for the death of a person is a statutory one, which must be governed by the language of the statute, and not by general rules. In article 3022, Revised Satutes of 1895, under the title "Injuries Resulting in Death," it is provided: "The action may be brought by all of the parties entitled thereto, or by any one or more of them for the benefit of all." By virtue of that provision of the statute, it is clear that Mrs. Renken had the

authority to employ counsel and institute suit for damages for herself
and minor son, and also for the use and benefit of the parents of deceased,
without either their knowledge or consent.    It may have been that, if
she had acted imprudently and without just reason in the premises, the
other parties could have compelled her to pay all costs of the proceed-
ings, in case the suit had failed; but this would not militate against the
right in good faith to sue for them.

Mrs. Renken having the right conferred on her by law to bring the
suit for the benefit of all the parties, the question presents itself, did
she institute this suit in good faith for the benefit of all?  We are of
the opinion that she did.    It is true that she alleged that the parents
had no right, under the facts, to recover, and the facts showed they did
not; but, in addition, she alleged that she had brought them into court
to have their rights adjudicated, and prayed that all the plaintiffs have
judgment for their damages, and that they be apportioned as they were
found to be entitled to share therein.

We do not believe that the law required her to plead other than the
truth.    To have alleged that the parents of deceased were entitled to
receive a portion of the damages, would not only have been pleading a
falsehood, but would have been pleading directly against the interest
of herself and child.    She was not required to do that.    She stated that
they had no right of recovery, but at the same time brought the parties
into the suit in order that it might be judicially determined whether
or not they were entitled to a part of the damages.    The parties were
properly before the court, under the pleadings, and had the evidence
shown that they were entitled to recover, we are of the opinion that the
pleading would have supported a judgment in their behalf.

The case of Railway v. Henry, 75 Texas, 229, sustains the position
of this court.    In that case it was alleged that the deceased had never
contributed anything to the support of his father, and that the father
had not sustained any pecuniary loss by the death of the son, and this
was followed by the statement: "But if it should be held that her said
husband is entitled to any of the benefit of this action, then she prays
that she may be permitted to prosecute this suit in her own name for
the benefit of herself and husband."    The Supreme Court held that the
suit was properly brought, and it was said: "We think the verdict
and judgment, on the pleadings, evidence and charge of the court,
afford ample protection to appellant against a suit by the father, even
if limitation has not supervened."    Had Mrs. Renken alleged, in the
face of the facts, that the parents of deceased were entitled to a part of
the damages for his death, and that she sued for their benefit, it is clear
that the result of the suit would be exclusive of their rights; and we
are of the opinion that she had the right to join them in the suit, to
state the facts as they existed, and to ask the court to adjudicate their
rights, and that the judgment obtained under such pleading will be a
bar to any other action by the parents.

In the case of Railway v. Taylor, 5 Texas Civ. App., 668, it is held

by the Court of Civil Appeals that the surviving wife could sustain a suit for damages for the death of her husband, without joining the father of deceased; the proof showing that the father lived in another State, and was in no way dependent upon the deceased. The decision goes further than any other Texas decision to which our attention has been called.

We conclude that there is no error in the judgment, and it is affirmed.

Writ of error denied.                    ·                    *Affirmed.*