Houston & Texas Central Railroad Company v.
Herman J. Ritter.

Delivered June 29, 1897.

1. Evidence—Self-Serving Declarations.

In an action for damages, the declarations of a woman that she had suffered a miscarriage, made several days after alleged acts of violence to her, are inadmissible to show that fact.

2. Deposition—Replies to Cross-Interrogatories—Binding Force.

The rule binding a party by evidence elicited by him on cross-examination, while under other circumstances it would be inadmissible, does not apply when the testimony consists in the depositions of a witness in reply to cross-interrogatories.

3. Damages—Exposure of Person of Woman—Reputation for Chastity.

Evidence of the bad reputation of a woman for chastity, not too remote in time, is admissible upon the question of the damages sustained by her due to mortification on account of the exposure of her person by the acts of defendant's agents.

4. Railroad Company—Ejection of Passenger—Reasonable Force—Peace Officer.

A railroad company is not liable for the damages inflicted on a female passenger by a peace officer who had been called upon to assist the conductor in ejecting her husband, who had unjustly refused to pay his fare, where the officer used no more force than was reasonably necessary to prevent a repetition of her interference and assaults upon him.

5. Same—Same—Charge of Court.

The right of a conductor to eject a passenger who wrongfully refused to pay his fare should not be qualified by an instruction restricting the same in case of the passenger's illness, where the latter was not in fact ejected, and the conductor refrained from further attempts to eject him upon his falling in a fit, genuine or simulated.

6. Same—Nontransferable Ticket—Wrongful Holder—Taking Up—Receipt.

One who boards a train having a nontransferable ticket issued to another, and which the company has the right to take up and cancel if presented by any person other than the one to whom it was issued, is not, as matter of law, entitled to a receipt for the ticket from the conductor, as a condition of paying his fare.

APPEAL from Tarrant. Tried below before Hon. W. D. Harris.

*Stanley, Spoonts & Thompson,* for appellant.—1. The testimony excluded was material, and bore upon the compensation which plaintiff was entitled to recover for the mental anguish and suffering of his wife, caused by her exposure on the sleeping car. Abbott v. Tolliver, 36 N. W. Rep., 624; Parker v. Coture, 21 Atl. Rep., 494; Ingersol v. McWillie, 30 S. W. Rep., 56; Coal Co. v. Lawson, 31 S. W. Rep., 849; Linz v. Skinner, 32 S. W. Rep., 915; Crossman v. Bradly, 53 Barb., 125; Ford v. Jones, 62 Barb., 484; Abbott's Trial Ev., 686,687,673; Underhill on Ev., secs. 10, 354.

2. As the ticket upon which plaintiff was seeking to ride provided upon its face that it was not transferable and was void if found in the hands of any person other than the original purchaser, and as plaintiff was not the original purchaser of said ticket, it did not entitle him to transportation, and the conductor had the right to take it up and collect fare from plaintiff; and as plaintiff was in the wrong he had no right to

demand a receipt from the conductor for the ticket as a condition precedent to his obligation to pay his fare, and his refusal to pay his fare was not justified upon the ground that the conductor refused to give him a receipt for the ticket. Frederick v. Railway, 2 Am. & Eng. Ry. Cases, 280; Abrams v. Railway, 83 Texas, 61.

*W. S. Essex* and *R. Y. Prigmore*, for appellee.—The request plaintiff made for the ticket or a receipt for it, was, under the circumstances, a very reasonable one and should have been conceded by defendant's conductor. Hutchinson on Carriers, sec. 565; Tarbell v. Railway, 34 Cal., 616; Frink v. Schroyer, 18 Ill., 416; Railway v. Dotson, 38 S. W. Rep., 644; Railway v. Miller, 79 Texas, 78; Railway v. Finley, 79 Texas, 88; Railway v. Butcher, 83 Texas, 316; Conwill v. Railway, 85 Texas, 101; Elliott on Railways, secs. 1588, 1599.

TARLTON, CHIEF JUSTICE.—The appellee, as plaintiff, in behalf of himself recovered a verdict in the sum of $3500, and in behalf of his wife, Mrs. Eloise R. Ritter, he recovered a verdict in the sum of $2750, against the appellant, as damages for personal injuries.

The incident out of which the suit grows occurred on the night of February 28, 1896. The plaintiff and his wife were on a train of the defendant between Houston and Hempstead, when the train conductor, whose duty it was to take up their tickets, discovered that the one on which the plaintiff claimed to be a passenger was an invalid ticket, in that it was issued to one H. C. Rider, a person other than the plaintiff; that by its terms it was not transferable, and provided that if presented to any conductor by a person other than the original purchaser, it should from that moment be void, and the conductor should be authorized to take up the ticket and cancel it, collecting fare from the person presenting it. The injuries to the plaintiff and to his wife are ascribed to the violence of the conductor and of the sheriff and his deputy, called to the assistance of the conductor, in an attempt to eject the plaintiff on account of his failure to pay his fare.

We deem it our duty to reverse the judgment, for the following reasons:

1. One of the injuries alleged to have been sustained by the plaintiff's wife consisted in a miscarriage charged to have been brought about by the violence complained of. In proof of this allegation the plaintiff was permitted, over the objection of the defendant, to read the deposition of one Mrs. Miller, that several days after the incident, and after the arrival of the appellee and his wife at Colorado Springs, where their journey terminated, the appellee's wife told the witness Mrs. Miller that she had been with child six weeks, and had suffered a miscarriage.

We condemn this evidence, as in the nature of hearsay and of a self-serving declaration which should have been excluded. It is true that Mrs. Ritter herself testified to the fact of miscarriage, but it was clearly erroneous to permit her to thus duplicate her testimony by proof of an unsworn statement to a third person. Hunter v. Lanius, 82 Texas, 682.

The jury were thus enabled to regard the statement as original evidence, to the probable detriment of the defendant.

The declaration was not of the res gestae. Railway v. Anderson, 82 Texas, 516. It was not admissible under the rule stated in Rogers v. Crane, 30 Texas, 287, cited by the appellee, because the bodily condition did not coexist with the declaration.

The fact that this deposition read by the plaintiff was incorporated in an answer, though not responsive, to a cross-interrogatory of the defendant, would not render the statement admissible. We have recently held that the rule binding a party by evidence elicited by him on cross-examination, while under other circumstances it would be inadmissible, does not apply when the testimony consists in the deposition of a witness in reply to cross-interrogatories. McCutchen v. Jackson, 40 S. W. Rep., 177.

2. An element of damage relied upon in the recovery by the wife, both in the pleadings and the evidence of the plaintiff, consisted in the humiliation and mortification resulting from an exposure of her person by the conductor or his assistants, due to the removal of the curtains from the berth in which the plaintiff and his wife were lying, and from which the conductor was seeking to have the plaintiff ejected. As relevant to the question of compensation for any mental suffering which the wife might endure on account of this exposure of her person and shock to her modesty, the defendant offered evidence tending to show that in 1893 and 1894 the plaintiff's wife conducted a disreputable house in the city of Fort Worth, and that she was a woman whose general reputation for chastity was bad; that the house in which she lived at that time was regarded in the community as a house of prostitution, and that the reputation of the plaintiff's wife was that of a prostitute.

The question of compensation depends upon the amount of suffering which is the proximate result of the injury complained of. The suffering which would be endured by a woman modest in character and deportment, chaste and sensitive, would be much greater, we apprehend, in case of an exposure of her person, than would be that endured by a prostitute. As said by the Supreme Court of Vermont in Parker v. Coture, 21 Atlantic Reporter, 494: "It can not be said that a woman without modesty would suffer as much from an assault * * * as a woman with modesty; and if it can not be shown that the former has no modesty to shock, she is put on an equality with the latter, and may recover for injury to that which she does not possess." We are unable to state that the time at which it was proposed to show that this reputation existed was so remote as to render the testimony inadmissible; or to hold that on account of the intervening marriage with the plaintiff reformation should be conclusively presumed to have taken place in the wife. Some of the excluded testimony went to show that at the time inquired about, the plaintiff, under a different name, that of Charley Herriman, was the paramour of his present wife.

3. The defendant requested the following charge: "If the conductor

of said train requested said Ritter to leave the train or pay his fare, and if said Ritter refused to do so, then the said conductor had the right to call in to his assistance a peace officer of Waller County to assist him in ejecting said Ritter from said train; and said officer was authorized and justified to use whatever force was necessary to accomplish that result; and if in his effort to get plaintiff from the train plaintiff's wife interfered and assaulted said sheriff, and struck him, without any provocation or violence having been used toward her, then in such event the said sheriff, in order to prevent the infliction of further injury, had the right to use such force as was reasonably necessary to prevent a repetition of said violence upon her part toward him; and if in doing so he used no more force than was reasonably necessary to accomplish such prevention, defendant is not liable for any damage growing out of said act."

We think that the evidence introduced by the defendant required the submission of the issue whether the plaintiff's wife interfered and assaulted the sheriff without provocation, and of the consequent rights of that officer under that condition. The court's general charge did not, in our opinion, submit such an issue to the jury.

4. We sustain the forty-first assignment of error, complaining of the following portion of the court's charge: "Where a person boards a train without a valid ticket, and refuses to pay his fare when demanded and given a reasonable time to do so, and refuses also to leave the train when requested, after being fully notified of the invalidity of his ticket, then the conductor of the train has the lawful right to eject such person from such train, and to summon such aid as may be necessary for that purpose; but even when a state of facts exists which authorizes the ejection of a person from a passenger train, it is the duty of those in charge of the train and those summoned to their aid, to use no more force than is reasonably necessary for that purpose; and if a passenger be or become, before ejected, so seriously ill as that ejection at the time and place and under the circumstances may endanger the life or health of such person, it is their duty to desist until such person is improved in health, or until such conveniences for his removal are secured as will enable the parties making the removal to do so with reasonable safety."

We think that the concluding portion of this paragraph, defining the duty of the company in the event of the illness of the passenger before ejection, tended to mislead, and, indeed, submitted an issue not raised by the evidence. The plaintiff, referred to in this charge as a passenger, was not in fact ejected. Before his ejection was accomplished, he either actually fainted or pretended to faint. The passengers who witnessed the incident were impressed with the conviction that the plaintiff had a fit serious in character. The sheriff, who was in the act of seizing the appellee, charged him with feigning, but before the officer ejected the plaintiff, he was instructed by the train conductor to desist, and he did desist. If the plaintiff suffered from a genuine fit, it is apparent that he thereupon immediately became unconscious, and what the sheriff said or did after that juncture could not affect him. If his condition was a sham,

he had no ground for complaint on account of the officer's treatment of him. Under these circumstances, as the plaintiff was not ejected, and as the officer and the conductor desisted from attempting to eject him after his illness, it is reasonably manifest that the last clause of the foregoing instruction tended to confuse the jury.

5. The following paragraph of the court's charge is complained of in the forty-fifth assignment of error: "Or if you believe from the evidence that the plaintiff entered the train at Houston not fully believing his ticket would be honored, but expecting it would not be, and intending to present his ticket in payment of his fare, but also intending or expecting to pay his fare if the ticket should be rejected, or entered it intending to test the question as to whether the ticket would be honored, and having no intention to deceive the conductor as to who he was if called on to know, and no intention of resisting the payment of fare if the ticket was not honored; and if you further believe that upon being informed that the ticket would not be honored, the plaintiff within a reasonable time consented or agreed to pay his fare if the conductor would give him a receipt for said ticket, then if you so believe, plaintiff was a passenger, and if the conductor under that state of facts, if such was the state of facts, refused to accept said fare and give said receipt or refused to give the receipt only, and undertook to compel the plaintiff to leave the train, or by threats or force to remove him or have him removed from the train, then such acts on his part were unauthorized and unlawful and the plaintiff would be entitled to recover for any injury, if any, sustained by him by reason of such acts of said conductor and anyone acting together with said conductor at the time."

By the foregoing assignment the question is presented, whether the proposition is correct to the effect that, under the circumstances stated, the plaintiff, as a condition precedent to his paying his fare to the conductor, had the right to demand that a receipt be given him for the ticket. Contrary to the instructions of the court, we think that this question should be answered in the negative. As we have seen, the ticket in terms prescribes that it is not transferable, and provides that it shall be void, and that any conductor of any interested company should have the right to take it up and cancel it when presented under the circumstances here involved. By express contract it thus appears that the plaintiff was not the owner of the ticket. He was in no attitude to claim protection as a passenger from defendant, if his rights be determined exclusively by it. As he was not its owner, and as the conductor was authorized to take it up, it is manifest to us that plaintiff could not exact a receipt for that to which he was not entitled.

As said in Elliott on Railroads, section 1599, "the ticket may expressly provide that it shall not be transferred, or it may provide that it shall be void if presented by anyone other than the original holder; and it is held that the word 'non-transferable,' or words of similar import, will restrict the right to use the ticket to the original purchaser. * * * It has been held that, although a ticket is not transferable, and it is there-

fore invalid in the hands of a third person who presents it, the conductor has no right both to refuse to honor it and to take it up and retain it, without permitting the holder to ride upon it, unless the contract gives him that right." As we have seen, the contract in this instance directed the conductor to take up the ticket.

We will not be understood as holding that circumstances, resting upon the course of dealing on the part of the railway company, and similar considerations with reference to tickets of this character, may not exist which would render reasonable a demand by the holder for a receipt for a ticket thus taken up. But the existence and sufficiency of such circumstances, if justified by the evidence, should be submitted as a question of fact to be determined by the jury. The court should not, as in this instance, assume as a rule of law that the holder would have the right to demand a receipt for such a ticket, or be entitled to the protection of a passenger.

We deem these remarks to be a sufficient review of the questions presented in the appellant's brief, and we order that the judgment be reversed and the cause remanded.

*Reversed and remanded.*

HUNTER, J., not sitting.