## McCord-Collins Commerce Co. v. R. O. Levi.

Decided April 1, 1899.

**1. Damages—Malicious Prosecution of Civil Suit.**

No damages of any character can be recovered for maliciously filing a civil suit and prosecuting it against another to judgment upon an unfounded claim, unless the latter's property or person was wrongfully seized or in some manner injuriously affected by process issuing therein; and the fact that the filing of the suit and rendition of judgment damaged his credit is not sufficient.

**2. Res Judicata—Attorney Fees and Costs.**

The attorney fees stipulated for in the contract and costs of suit awarded against defendant in an action upon an order for goods made by him can not be recovered in a subsequent action by him against the plaintiff for false representations inducing him to give the order, as the judgment is res judicata as to such fees and costs.

**3. Same—Subsequent Action for Fraud.**

A judgment against the buyer of goods for the purchase price thereof is not a bar to a subsequent action by him against the seller for false representations inducing the purchase, where that matter was not pleaded as a defense or counterclaim in the original action.

**4. Venue in Action for Fraud.**

A cause of action by a buyer of goods against a seller for false representations and deceit accrues in part at least in the county in which the false representations were made and the contract obtained, within the meaning of the statute on venue, notwithstanding that the contract or order for the goods had afterwards to be approved by the defendant in another county and the goods shipped from there.

**5. False Representations as Ground for Action.**

False representations made by a seller to a buyer of goods and relied upon by the latter in making the purchase will support an action for deceit, whether they were known to be false at the time they were made or not.

**6. Same—Measure of Damages.**

The measure of actual damages for false representations by a seller inducing a purchase of goods, for the purchase price of which he has recovered a judgment with interest from maturity against the buyer, is the amount of such judgment, less attorney's fees and costs, and less the market value of the goods received and retained, together with interest to the time of the trial.

Appeal from the County Court of Comanche. Tried below before Hon. J. W. Lambert.

*A. L. Camp*, for appellant.

*G. H. Goodson*, for appellee.

HUNTER, ASSOCIATE JUSTICE.—This was an action filed by appellee in the County Court of Comanche County for damages caused by the fraud and deceit of appellant in the sale of certain cigars.

The appellant pleaded in the court below that it was a corporation organized under the laws of Missouri, and had no office or local representative in Comanche County, but had a general office at Fort Worth, in Tarrant County, Texas, and claimed its privilege of being sued in Tarrant County. This plea, together with its general denial and other special answers, was submitted to the jury on the main trial, and on all the jury found in favor of appellee, allowing him as actual damages $107.50 and $76 as exemplary damages, and hence this appeal.

The appellee, in addition to the allegations of false representations made by appellant's agent, by which he was induced to purchase the cigars, and as part of the fraudulent scheme to swindle him, alleged that suit was filed upon the order made for 3000 cigars at $105 at Fort Worth and 10 per cent attorney's fees, which had been agreed upon in writing in case of suit, etc., and judgment against him was thus obtained for $122, including the costs of said suit, and that by reason of such suit his credit had been injured and he had been harassed and humiliated by letters of inquiry from Dun's Commercial Agency and from his creditors, etc., and prayed for damages.

This part of the petition was demurred to specially, and we think the demurrer ought to have been sustained, because no damages can be recovered of any character against any person for filing a civil suit and prosecuting it against another to judgment upon a claim real or unfounded, unless one's property or person is wrongfully seized or in some manner injuriously affected by process issuing therein. Johnson v. King, 64 Texas, 226; Runge v. Franklin, 72 Texas, 590.

Neither can the attorney's fees or the costs of that suit be recovered in this action, because by the contract appellee agreed to pay the 10 per cent for attorney's fees in case of suit, and the law awards costs to the successful party to the suit, and the judgment in that case determined the rights of the parties as to attorney's fees and costs, and the appellant's right to recover on the order made for the cigars. Wood Machine Co. v. Hancock, 4 Texas Civ. App., 302.

But if the order or contract was obtained by false representations and deceit, as is alleged, the appellee had the right to his action to recover his damages occasioned thereby, and was not bound to plead it as a defense to the appellant's action on the order; and if the false representations were made to appellee at Comanche, and the contract obtained there, we think the cause of action in part at least accrued there, within the meaning of our statute on venue, notwithstanding the contract or order had

afterwards to be approved by the appellant at Fort Worth and the goods shipped from there. Sayles' Civ. Stats., art. 1194, sec. 25.

There was no material error in refusing to give appellant's special charge number 2. The evidence was undisputed that the representations and contract were made at Comanche, and that fact, if the representations were false, was sufficient to fix the venue in Comanche County, and the charge applied, as we understand it, only to the plea of privilege. The jury found the representations to be false, and hence the error became harmless. The definition of deceit as contained therein is erroneous. It seems to be settled in this State that in actions of this character it is not necessary to aver or prove that the defendant knew, at the time he made the representations, that they were false. It is sufficient to allege and prove that they were untrue in fact, and that the plaintiff believed them and relied thereon, and was induced thereby to make the purchase, and it would make no difference whether the party making them did not know at the time whether they were true or not. Mitchell v. Zimmerman, 4 Texas, 80; Wintz v. Morrison, 17 Texas, 383; Henderson v. Railway, 17 Texas, 577; Culberson v. Blanchard, 79 Texas, 492; Loper v. Robinson, 54 Texas, 514.

We think the ninth assignment of error should be sustained. The verdict for actual damages was excessive, in that the undisputed evidence established that the cigars delivered were worth at Comanche from $12 to $25 per thousand, and that the graphophone was worth $20 or $25. The amount paid on the Fort Worth judgment, less attorney's fees and costs, was $105, with interest on this amount probably from the time of its maturity until the date of that trial. The jury should have deducted the market value of the cigars and the value of the talking machine from this sum paid, with interest added to the time of the trial of this cause, and found for the balance, if any.

We have already said that no damages of any character can be predicated on the suit at Fort Worth or on any injury whatever which was the result of it, and hence the verdict for exemplary damages, if based thereon, must be set aside also, because the appellant had the legal right to bring that suit and prosecute it, and no damages can be predicated on the exercise of a lawful right, especially the one of appealing to the courts for redress of real or fancied wrongs.

Whether this leaves in this case any grounds for exemplary damages, we do not decide.

We find no other error necessary to note, but for the ones mentioned the judgment is reversed and the cause remanded.

*Reversed and remanded.*