### Western Union Telegraph Company v. Tilda Lovely.

#### Decided June 7, 1902.

**1.—Evidence—Deposition—Objections.**

A deposition is treated as the evidence of the party who offers it, though taken at the instance of the opposite party, and an objection to matter contained it as being hearsay is not obviated by reason of the fact that it was taken at the other party's instance.

**2.—Same—Hearsay—Entry in Books.**

Where the date on which a person was buried was a material and controverted fact, evidence of such fact by an entry in the books of an undertaken stating the burial as on a certain date, was objectionable on the ground of hearsay where it was shown that the employe who made and testified to the entry did not know of his own knowledge when the burial took place and appears to have made the entry before the burial.

Appeal from Cooke. Tried below before Hon. D. E. Barrett.

*Wilkins & Vinson,* for appellant.

*A. M. Green,* for appellee.

STEPHENS, Associate Justice.—This is the second appeal in this case. See 52 Southwestern Reporter, 563, for statement of the case on former appeal.

On the last trial it became a material inquiry whether appellee's failure to attend the funeral of her sister, Mrs. Crocker, was not due to her own negligence after the delayed message was finally delivered to her, July 9, 1896, at 6:30 p. m. This depended largely, if not entirely, upon whether Mrs. Crocker was buried on the 10th or 11th of July, 1896. F. W. Crocker, the surviving husband, and witness for appellee, testified that she was buried on the 11th, which would have given ample time for appellee to be present at the funeral. To show that he was mistaken

in this date appellee, over the objections of appellant, read in evidence the following copy of the register of funerals kept by James W. Stapler & Son, from whom F. W. Crocker had purchased the coffin in which his wife was buried: "Remains of Rilda Crocker. Ordered by F. W. Crocker. Age 32. Slow fever. Date of death July 9. Date of burial July 10. Coffin or casket, and size 6." This record was shown to have been made by James D. Guinn, an employe of Stapler & Son, who had sold the coffin for the firm, but who never knew when Mrs. Crocker was buried, and who seems to have made the record before the burial. The copy read in evidence was attached to his deposition taken at the instance of appellant, but was thus objected to, as shown by the bill of exceptions: "That it was hearsay; that the deposition of this witness which will be read to the court shows that this witness was not testifying from his own knowledge, but necessarily from statements made to him by somebody else; that his said deposition shows that he did not know of his own knowledge when Mrs. Crocker was buried; that he contradicts the plaintiff's own witness Crocker, and that it was offered for that purpose, in part at least; that it was not shown that the entry was correctly made, and because the record was not made by any member of Mrs. Crocker's family."

We see no escape from the conclusion that the objection on the ground of hearsay was well taken. Counsel for appellee, without citing any authority to sustain the ruling, undertakes to justify it mainly "because the copy of the funeral record was brought into court by appellant, and made by the man who made the original entry and who swears to its being an exact copy." This will not do. The mere taking of a deposition at the instance of one party does not license the opposite party to treat it as evidence offered by the party at whose instance it was taken. On the contrary the rule is thus stated in the Encyclopedia of Pleading and Practice, volume 6, page 585: "Without reference to the fact that a deposition is procured by one party to a suit, it will be taken as the evidence of the party who offers it in evidence." The following cases illustrate the application of the rule: In re Smith, 34 Minn., 436; Richmond v. Richmond, 10 Yerg. (Tenn.), 343; Bloomington v. Osterle, 139 Ill., 120; Hatch v. Brown, 63 Me., 410; McCutchen v. Jackson, 40 S. W. Rep., 117; Railway v. Ritter, 16 Texas Civ. App., 482.

As the evidence was material and, under one of the issues submitted, may have controlled the verdict, the error in admitting it over appellant's objection necessitates a reversal of the judgment.

Nothing else seems to require notice. The judgment is therefore reversed and the cause remanded for a new trial.

*Reversed and remanded.*