## SCHALLERT v. BOGGS et al. (No. 5928.)

(Court of Civil Appeals of Texas. Austin. May 8, 1918.)

1. CONTRACTS ⟐94(1) — VALIDITY — MISREPRESENTATIONS—INTENT.

Misrepresentation of a material fact is sufficient to avoid a contract induced thereby, though made without any specific intent to defraud.

2. BILLS AND NOTES ⟐332—INNOCENT PURCHASERS—KNOWLEDGE OF MISREPRESENTATIONS.

Buyers of notes from payees, knowing of their misrepresentations inducing the making of the contract under which they were given, are not innocent purchasers, though not knowing of the fraudulent intent, or the particular means by which each fraud was perpetrated.

3. BILLS AND NOTES ⟐333—INNOCENT PURCHASERS—KNOWLEDGE OF ONE PARTNER.

Where purchasers of notes are partners therein, knowledge of one is knowledge of all, as regards their being innocent purchasers.

4. EVIDENCE ⟐591 — HEARSAY — PARTY OBJECTING.

Though offer of answer in deposition is by party other than those who propounded the interrogatory, objection of hearsay is available; it becoming his testimony on offering it.

5. EVIDENCE ⟐253(2)—ACTS AND DECLARATIONS OF CONSPIRATOR.

Acts or declarations of conspirator, made before completion of conspiracy, in respect to its execution, or in furtherance of common design, is admissible against his co-conspirators, regardless of when they entered into the conspiracy.

6. EVIDENCE ⟐260—ACTS OF CONSPIRATOR —PRELIMINARY PROOF.

A prima facie case of conspiracy must be proved, before act or declaration of one is admissible against others as co-conspirators.

7. EVIDENCE ⟐261—ACTS OF CONSPIRATORS —PRELIMINARY PROOF—DETERMINATION.

The trial court is judge of whether a prima facie case of conspiracy has been proved, necessary for admission of act or declaration of one against others as co-conspirators.

8. EVIDENCE ⟐584(1) — "PRIMA FACIE CASE."

A prima facie case is one in which the evidence in favor of a proposition is sufficient to support a finding in its favor, if all of the evidence to the contrary be disregarded (citing Words and Phrases, Prima Facie Case).

Appeal from District Court, McLennan County; Geo. N. Denton, Judge.

Action by Robert Schallert against T. K. Boggs and others. From a judgment in favor of certain defendants, plaintiff appeals. Reversed and remanded.

J. D. Williamson and Cross & Rogers, all of Waco, and A. V. McDonnell, of Austin, for appellant. Alva Bryan and W. L. Eason, both of Waco, for appellees Hulsey, Kean, and Tobias.

### Findings of Fact.

JENKINS, J. Gordon Boggs, Hugh Boggs, and Clayton Boggs, who are hereinafter referred to as Boggs Bros., and R. H. Kimsey, entered into a conspiracy to defraud the appellant, by which they succeeded in obtaining from him money, land, horses, and his promissory notes of great value. T. K. Boggs, with knowledge of the fraud, obtained a portion of the fruits of their fraudulent scheme. As the jury found the existence of such conspiracy, and the undisputed evidence sustains such finding, and as these conspirators have not appealed from the judgment against them, it would serve no useful purpose to set out the facts evidencing such conspiracy.

As a result of their fraudulent schemes, Boggs Bros. and Kimsey obtained the promissory notes of appellant, made payable to his own order, and indorsed by him in blank as follows: On August 19, 1913, note for $2,200; on August 21, 1913, five notes,

for $2,000 each and one for $1,225; on September 21, 1913 eight notes, for $2,500 each. Appellant paid two of the notes, for $2,000 each. Appellant alleged that appellees Hulsey, Tobias, and Kean were parties to said conspiracy, and were the holders of part, if not all, of said unpaid notes, claiming to be innocent purchasers thereof. He prayed for the cancellation of said notes, for the cancellation of the deed to two tracts of land which he deeded to T. K. Boggs, and for the value of the horses and mules, and the money which he had paid.

Appellees answered by general denial, and by cross-action, in which they alleged that they were the owners and holders of four of said notes for $2,000 each, one for $1,225, one for $2,200, one for $2,500 and seven for $2,500 each, all of which they alleged they had purchased in due course of trade, before maturity, for a valuable consideration, without notice of any discount or defense thereto.

Upon special issues found by the jury, the court rendered judgment against T. K. Boggs, Boggs Bros., and R. H. Kimsey for the sum of $44,169.65, as principal and interest, for the amount of cash paid, notes executed, and the value of the horses and mules and for the cancellation of the deed to the two tracts of land, and in favor of appellee Hulsey for $3,489.40, principal and interest of one note held by him, and in favor of Hulsey, Kean, and Tobias, jointly, for $24,425.80, principal and interest of notes held by them.

### Opinion.

The findings of the jury as to the amount of the notes separately are contradictory of their findings as to their aggregate value, and their finding as to the value of the horses and mules is not supported by the evidence, for which reason we sustain appellant's first assignment of error.

[1] We think that the objections to the special issues, in so far as they submitted both false representations and fraud, were well taken. A misrepresentation of a material fact, whereby a party is induced to enter into a contract, is sufficient to avoid the same, though made without any specific intent to defraud. Henderson v. Railway Co., 17 Tex. 560, 67 Am. Dec. 675; Haldeman v. Chambers, 19 Tex.. 50; McCord v. Levi, 21 Tex. Civ. App. 109, 50 S. W. 606.

[2, 3] If appellees, or either of them, knew of such misrepresentations by Boggs Bros. and Kimsey, or either of them, they are not innocent purchasers, though they may not have known of the fraudulent intent of such parties, nor the particular means by which each fraud was perpetrated. As appellees were partners in the purchase of the notes, the knowledge, if any, of one, was the knowledge of all.

[4] The court did not err in refusing to

permit the answer of the witness Campbell to the cross-interrogatory propounded to him; his answer being clearly hearsay. It is immaterial that the cross-interrogatory was propounded by appellees. It was offered by appellant. When the answer to an interrogatory is offered, it becomes the testimony of the party offering it. Telegraph Co. v. Lovely, 29 Tex. Civ. App. 584, 69 S. W. 128; Railway v. Gay, 88 Tex. 116, 30 S. W. 543.

[5-7] The admissibility of the testimony of the witness Scott, as against the appellees, upon another trial, will depend upon the state of the testimony when the same is offered, as to the appellees being parties to the conspiracy. The acts or declarations of one conspirator, made before the completion of the conspiracy and in respect to the execution of the same, or in furtherance of the common design, is admissible against all of the other conspirators, regardless of when they entered into the conspiracy. But, in order for such act or declaration to be admissible against alleged conspirators, a prima facie case of conspiracy must first be proven. The court is the judge as to whether such prima facie case has been shown. Loggins v. State, 8 Tex. App. 442; Knight v. State, 7 Tex. App. 209; Simms v. State, 10 Tex. App. 160; Avery v. State, 10 Tex. App. 210-212; Cohea v. State, 11 Tex. App. 156; Luttrell v. State, 31 Tex. App. 505, 21 S. W. 248; Thompson v. State, 35 Tex. App. 523, 34 S. W. 629.

[8] A prima facie case is one in which the evidence in favor of a proposition is sufficient to support a finding in its favor, if all of the evidence to the contrary be disregarded. Words and Phrases, title "Prima Facie Case."

We are loath to disturb the verdict of a jury on an issue of fact; but, to our minds, the evidence that appellees were not innocent purchasers of the notes upon which they recovered judgment is so strong that we are unwilling to let the judgment in their favor stand. As the case is to be retried, we deem it improper to refer to such evidence in detail, or to further comment thereon.

For the reasons stated, the judgment of the trial court herein is reversed, and this cause is remanded for further trial.

Reversed and remanded.