COOK et al. v. DENIKE et al.    (No. 6225.)

(Court of Civil Appeals of Texas. San Antonio. June 26, 1919. On Motion for Rehearing Nov. 26, 1919.)

1. DEPOSITIONS &#9901;88 — NO EXCLUSION FOR ASSURANCE THAT WITNESS WOULD BE AVAILABLE.

Defendants' assurance that a witness who had testified by deposition would be available in person at the trial, if plaintiffs desired to examine him, in reliance on which plaintiffs announced ready for trial, though entitling plaintiffs to withdraw the case from the jury if the witness was not present in court, did not entitle them to an exclusion of the deposition from evidence.

2. DEPOSITIONS &#9901;88—EXCLUSION ON INTRODUCTION OF TESTIMONY OF WITNESS AT FORMER TRIAL.

Introduction by defendants of testimony of witness given at a former trial does not entitle plaintiffs to exclude from evidence a deposition of the same witness.

3. DEPOSITIONS &#9901;88—EXCLUSION FOR FAILURE TO PLACE ON STAND WITNESS PRESENT AT TRIAL.

Under Rev. St. art. 3675, entitling either party to use depositions whether presence of the witness was obtainable or not, the fact that the witness had been subpœnaed by the opposite party, but not placed on the stand so as to be available for cross-examination, is no ground for excluding the deposition.

4. WILLS &#9901;378 — TESTIMONY ON PROBATE ADMISSIBLE IN SUIT TO SET ASIDE PROBATE.

Under Rev. St. art. 3273, requiring testimony for the probate of a will to be reduced to writing and subscribed in open court, and article 3275, permitting a copy of such testimony to be read in evidence on the trial of the same matter in any other court, the written testimony on the hearing for probate is admissible in a suit to set aside the probate tried in the district court on appeal.

5. WILLS &#9901;294—EVIDENCE AT PROBATE AS TO CAPACITY.

Under Rev. St. art. 3271, specifying proof required for probate, in a suit to set aside the probate of a will, witnesses to the probate can testify that testatrix was of age and of sound and disposing mind; that the witnesses were credible, and would have known it if she had revoked her will.

6. DEPOSITIONS &#9901;107(9) — OBJECTION THAT ANSWER IS NOT RESPONSIVE MUST BE RAISED BY MOTION.

The objection that an answer of witness in a deposition is not responsive to the question

can only be raised by motion before announcement of ready for trial.

7. WILLS ⬤═288(3)—BURDEN OF PROOF AND PRESUMPTIONS IN SUIT TO ANNUL PROBATED WILL.

In a suit to annul a will admitted to probate, the burden is on plaintiffs suing to set it aside for want of capacity, or undue influence to establish such matters, and every presumption will be indulged in favor of the will.

### On Motion for Rehearing.

8. WITNESSES ⬤═266—CROSS-EXAMINATION OF WITNESS TESTIFYING BY DEPOSITION.

The fact that a party introduced the deposition of a witness does not entitle the adverse party to call such witness at the trial for the purpose of oral cross-examination.

9. DEPOSITIONS ⬤═90—MAY BE USED, THOUGH WITNESS PRESENT IN COURT.

It is within the discretion of the trial judge to permit a deposition to be used at the trial, though the witness is present in court.

Appeal from District Court, Nueces County; W. B. Hopkins, Judge.

Suit by R. O. Cook, Sr., and others against Mrs. Eva Noessel Denike and others. Judgment for defendants, and plaintiffs appeal. Affirmed.

Hicks, Phelps, Dickson & Bobbitt, of San Antonio, Dougherty & Dougherty and H. S. Bonham, all of Beeville, and G. R. Scott, Boone & Pope, of Corpus Christi, for appellants.

Kleberg, Stayton & North and Pope & Sutherland, all of Corpus Christi, for appellees.

FLY, C. J. This is a suit instituted by appellants against appellees in the county court of Nueces county to set aside the probate of the will of Mary C. Russell, deceased, on the ground of mental incapacity to execute a will, and of undue influence and fraud being used by appellees to procure the making of the will. The county court denied the relief sought, and the cause was appealed to the district court, where it was tried by jury, resulting in a verdict and judgment in favor of appellees.

There are over 400 printed pages in the brief of appellants, nearly 300 pages of which consist of testimony copied from the statement of facts. There is evidence which sustains the verdict of the jury and the judgment of the court; and, unless there be some error of law which may have affected the verdict, it must be affirmed.

The first assignment of error assails the action of the court in permitting the depositions of Dr. Harry G. Heaney to be read to the jury by appellees. The depositions were regularly and properly taken, the only objection to the depositions by appellants being "that on the day this cause was called for trial plaintiffs announced ready for trial on the assurance of defendants that said Dr. Harry G. Heaney would be available as a witness, should plaintiffs desire to use him; that said witness was then and there under process caused to be issued and served by plaintiffs, but was not in attendance on court. And upon such assurance by defendants to plaintiffs that said witness would be available plaintiffs announced ready for trial. That when the witness, Edward R. Kleberg, of counsel for defendants, was on the stand, just previous to the offer of defendants to read said depositions of Dr. Harry G. Heaney, said Kleberg was questioned by defendants with reference to the testimony of said Dr. Harry G. Heaney at the trial of this cause in the county court. Plaintiffs objected to such testimony, and on the assurance of defendants' counsel that Dr. Harry G. Heaney would testify in this cause the court overruled plaintiffs' objections, and admitted in evidence certain portions of the testimony of Dr. Harry G. Heaney, given in the court and proven up by the said Edward R. Kleberg; that the said Dr. Harry G. Heaney was under process, and subject to the order of the court and was, in effect, present in court, and is available as a witness, and that to permit said deposition to be read in evidence was, in effect, a denial of the right of cross-examination, and would deprive plaintiffs of the right to cross-examine said witness and of the cross-examination of said witness." The bill of exceptions is obscure, and leaves it doubtful whether the objection was to depositions or to the hearsay evidence of what Kleberg swore as to what Dr. Heaney testified in the county court. It will be assumed, however, that the objections were urged to the use of the depositions of Heaney, on the ground, first, that defendants assured plaintiffs that Heaney would be available if plaintiffs desired to use him, and on that assurance they had announced ready.

[1] Of course that did not constitute a reasonable objection to the depositions. If appellants were enticed into an announcement of ready for trial, it might, under certain circumstances, have formed a basis for a withdrawal of the case from the jury, but could not be an objection to the depositions. It is not pretended that the witness was not present and could not have been used by appellants, but, on the other hand, it is stated by appellants in their bill of exceptions that Dr. Heaney "was under process and subject to the order of the court, and was, in effect, present in court and available as a witness.".

[2] The second objection was that the court permitted certain portions of the testimony of Dr. Harry G. Heaney to be used in evidence. This was no objection to the legality of the depositions offered in evidence.

⬤═For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

[3] The true grounds for objection to the depositions, that are merely hinted at in the bill of exceptions, are that appellants desired that the witness should be placed on the stand by appellees so that appellants could subject him to another cross-examination in addition to one to which he had been subjected when the depositions were taken. Appellants admit that the witness was available, and if they desired his presence on the stand they had the full legal right to place him there. Under the terms of the statute, either party had the right to use the depositions, whether the presence of the witness was obtainable at the trial or not. Article 3675, Rev. Stats. And no tenable objection was urged to the use of the depositions.

When the depositions had been properly taken appellees had the right to use them, without the condition being attached to their use of placing the witness on the stand, and in that way open up an opportunity to appellants to cross-examine him. Appellees were under no obligation to put a witness on the stand in order that appellants might cross-examine him. They were defending their entrenchments against the attacks of their adversaries, and could not be compelled to make a breach therein in order that appellants might find a place of attack. No authority has been or can be offered for such a proposition. If appellees inveigled appellants into a trial on the representation that they would place Dr. Heaney on the stand in order that appellants might cross-examine, let the attack be made on that line, if any, and not on the ground that their opponents should open up avenues of attack for them. Appellees had the right to use the depositions even though the witness was in court, and were not compelled to call him to the stand. Holt v. Guerguin, 106 Tex. 185, 163 S. W. 10, 50 L. R. A. (N. S.) 1136. The matter was one peculiarly within the discretion of the trial judge, and no abuse of such discretion is shown. Schmick v. Noel, 64 Tex. 406; O'Connor v. Andrews, 81 Tex. 28, 16 S. W. 628.

Through the second assignment of error appellants claim that the court refused to permit them to call Dr. Heaney to the stand for the purpose of a cross-examination, but the record fails to sustain their contention. Dr. Heaney was never offered as a witness for cross-examination or any other purpose. The bill of exceptions shows that appellants "notified the court and counsel for defendants that they insisted upon, and would insist upon, their right to cross-examine said witness, Dr. Harry G. Heaney, in person, and to have the said Dr. Harry G. Heaney called to the witness stand for such cross-examination before defendants concluded the introduction of their evidence in chief." The threat was never carried into execution, nor was any attempt made to execute it. The assignment of error is overruled.

[4] The third, fourth, fifth, sixth, and ninth assignments of error assail the action of the court in permitting the use in evidence of the written testimony used in the probate of the will in the county court. It is provided in article 3273, Revised Statutes, that:

"All testimony taken in open court upon the hearing of an application to probate a will shall be committed to writing at the time it is taken, and subscribed in open court by the witness or witnesses, and filed by the clerk."

Then it is provided in article 3275:

"A certified copy of such record of testimony may be read in evidence on the trial of the same matter in any other court when taken there by appeal or otherwise."

In the case of Beeks v. Odom, 70 Tex. 183, 7 S. W. 702, it is held that such testimony is admissible on appeal to the district court. To the same effect is Prather v. McClelland, 76 Tex. 574, 13 S. W. 543.

[5] It is provided in article 3271 that, in order to probate a will, it must be proved that the testator at time of executing the will was 21 years of age, or was married; that he was of sound mind; that he is dead; that the will was executed "with the formalities and solemnities and under the circumstances required by law, to make it a valid will"; and of course it was proper for the witnesses to the probate of the will to swear that the testatrix was "more than 21 years of age and was of sound and disposing mind," and that the witnesses to the will were credible witnesses, and that the witnesses would have known it if she had revoked her will. Perdue v. Perdue, 208 S. W. 353.

[6] The seventh assignment of error is overruled. Even though the answer of the witness was not responsive to the question, it could not have injured appellants in any way, nor is such claim made. The only objection made is that it was not in response to the question. Such objection could only be raised by motion before announcement of ready for trial, and this was not done by appellants. Railway v. Kuehn, 2 Tex. Civ. App. 210, 21 S. W. 58; Railway v. Schearer, 1 Tex. Civ. App. 343, 21 S. W. 133; McFarlane v. Howell, 16 Tex. Civ. App. 246, 43 S. W. 315; Claflin v. Harrington, 23 Tex. Civ. App. 345 56 S. W. 370. The same rule applies to evidence objected to through the eighth assignment of error.

The remaining assignments of error assail the verdict of the jury as not supported by and contrary to the evidence. The evidence is very conflicting; and, while it may be that this court originally would have reached a different conclusion from that reached by the jury, still there is testimony to sustain the verdict, which was returned in response to a charge against which not a single objection has been presented.

[7] This is an attack upon a will already

probated, to set it aside and annul it. It was an attack upon the judgment of a court which had heard the testimony and probated the will. When the will was probated the presumption arose of the validity of the instrument; due compliance with all legal formalities being shown. The rule always obtains that testamentary incapacity will never be presumed as to a will duly probated, and the burden, rests on him who seeks to set aside a will, duly probated, to show such incapacity. Alexander, Wills, § 396, p. 535. By the judgment of the county court everything necessary to the probate of the will was determined, and in an original suit to set it aside on account of insanity or want of testamentary capacity, or undue influence, or fraud, the burden rests upon the plaintiffs to establish such matters, and every presumption will be indulged in favor of the probate of the will. Fowler v. Stagner, 55 Tex. 393. Appellants failed to establish the incapacity of the testatrix, or that undue influence or fraud was used to procure the execution of the will.

The judgment is affirmed.

## On Motion for Rehearing.

The first assignment of error objected to the use of the depositions of Dr. Heaney because, "on the day this case was called for trial, at the present term of this court, plaintiffs announced ready on the assurance by defendants that said Dr. Harry G. Heaney would be available as a witness, should plaintiffs desire to use him; that said witness was then and there under process caused to be issued and served by plaintiffs; that said witness would be available, plaintiffs announced ready for trial." Immediately following that part of the assignment is an objection, not to the depositions, but to certain statements made by Edward R. Kleberg. Then, returning to the depositions, appellants objected to them because the witness was in effect present in court. If the last statement be true, then the first objection falls to the ground, because appellees had promised to have the witness available, and he was in effect in court. If he was not available, it follows there could be no objection because the depositions were not used while he was in court; and, if he was in court, then he could have been used by appellants. In the proposition under the assignment, it is admitted that the witness was present and available, that he was under process issued by appellants, and that they had taken the depositions to which they urged objections. It is not claimed in the assignment or proposition that the use of the depositions or a failure to cross-examine the witness had in any way injured appellants, except that it is stated generally that the error was material and affected the jury. How was it material, and how did it affect the jury?

[8] It seems to be the contention that if a party takes a deposition which is used in evidence by his antagonist, the fact of such use authorizes the party who took the deposition to call the witness in person in order to cross-examine him. In other words, the use of the deposition not only makes the testimony that of the party offering it, but also gives the other party the right to place the witness on the stand for purposes of cross-examination. No authority has been presented for this proposition, nor do we believe it can be produced. The depositions of a witness cannot be blended with or merged into his testimony on the stand in person, and the taking of his depositions and their use by the opposite party from the one who took them does not change or alter a single rule as to the examination of the witness in person. All that is held in the cited cases is that when the opposite party introduces depositions not taken by him they become his evidence, and none has held that when so used the witness can be called for cross-examination as though he had testified in person for the opposite party. It would indeed be a novel practice.

There was no objection to the form of taking the depositions, the only objection being that the court did not make it a condition to their use that appellants should then be permitted to call the witness to the stand and cross-examine him on his answers to the interrogatories propounded by them. Of course, the cited cases of Railway v. Ritter, 16 Tex. Civ. App. 482, 41 S. W. 753, Railway v. McKenzie, 41 S. W. 831, and W. U. Tel. Co. v. Lovely, 29 Tex. Civ. App. 584, 69 S. W. 128, hold nothing even tending in the least to sustain any such rule.

[9] Whatever may have been held by the Supreme Court at one time as to using the depositions of a witness when he is present in court, as opposed to such use, it is now well established in later opinions, both by the Supreme Court and Courts of Civil Appeals, that it is within the discretion of the trial judge to permit them to be used. Schmick v. Noel, 64 Tex. 406; Hittson v. Bank (Sup.) 14 S. W. 780; Schmick v. Noel, 72 Tex. 1, 8 S. W. 83; O'Connor v. Andrews, 81 Tex. 28, 16 S. W. 628; Railway v. Renken, 15 Tex. Civ. App. 229, 38 S. W. 829; Railway v. McKenzie, 41 S. W. 831; Railway v. Burnett, 42 S. W. 315.

There was not, as stated in the original opinion, any offer to place Dr. Heaney upon the stand, nor does the record show what questions were to be propounded on the cross-examination, nor what the probable answers nor probable effect might have been. The cross-examination, had it been permitted, may not have elicited a single fact favorable to appellants, or which would have tended to have shaken the testimony of the witness embraced in the depositions. The depositions indicate a high order of intelligence upon

the part of the physician, and he does not seem to belong to a class whose evidence might be discounted or broken down by a cross-examination. They permitted appellants to call Dr. Hear[e]y to the witness stand if they so desired.

In connection with the affidavits of the witnesses who proved up the will in the county court, it may be stated that if the affidavits should not have been admitted, every fact contained in the affidavits was testified to by the affiants in the district court.

The motion for a rehearing is overruled.