JOHN W. HARRIS ET AL. v. A. J. NATIONS ET AL.

No. 6748.

1. **Practice—Objections to Depositions.**—That an answer is not responsive to the question is an objection going to the manner and form of taking the depositions. Such objection must be in writing and notice of it given before the trial commenced. Rev. Stats., art. 2235.

2. **Opinion and Belief of Witness.**—What a witness believes as derived from a certain state of facts is but his conclusion, and is not evidence. When he has been in position to know the facts but his memory has grown dim, what he thinks he recollects is, if relevant, proper to be admitted and to be weighed in connection with other testimony in the case. See example where the recollection and opinion of the witness as to past transactions in which he acted is held competent.

3. **Power to Sell—Presumption from Lapse of Time.**—That a power to convey lands under certain circumstances may be presumed after a lapse of thirty years has been frequently decided in this court. 48 Texas, 531; 71 Texas, 122, 431. See facts from which after thirty years the power to make a contract for the location of a land certificate on the shares should be presumed.

ERROR from Coleman. Tried below before Hon. J. C. Randolph.

This is an action of trespass to try title, brought in the District Court of Coleman County by all the defendants in error except A. J. and J. R. Nations, against the last named parties, for an undivided one-half interest in 1476 acres of land granted to Joseph W. Hicks, and asking for partition. The original defendants pleaded not guilty, and J. R. Nations set up that he had bought an undivided one-third interest in the said 1476-acre tract from Mr. John W. Harris, Sr., who warranted the title, and he brought in as defendants to make good the warranty the present plaintiffs in error, who are the heirs and privies in estate of said Harris, now deceased. He alleged that he paid to Harris $32 in cash; gave him three notes aggregating $634.27, and also conveyed him 640 acres of school land which then belonged to him; that the value of said school land was not fixed or agreed upon in the exchange, but that it was reasonably worth $2 per acre; and prayed for judgment against his said warrantors in event he lost the land for the money paid and interest, for the cancellation of the notes given by him, and for the value of the school section, less the sum of $660 admitted to have been due to the State and subsequently paid by Harris.

The warrantors pleaded "not guilty" as to the plaintiffs' suit, and as to the action by Nations on the warranty averred that the only thing paid by Nations to Harris for the land was $32 and his notes; that the school section is not paid for except to the extent of $32, the first payment, and that was all the interest Nations had in it, was all it was valued at in the transaction, and if the Harris title failed Nations could only recover the $32 and cancellation of notes.

The case was tried with a jury at the October Term, 1888, resulting in a judgment for the plaintiffs below for the land sued for, and in favor of

J. R. Nations over against the plaintiffs in error for $617.73 and costs, and also for cancellation of the purchase money notes given by him to Harris.

The plaintiffs in error moved for new trial, which was overruled. No appeal having been perfected, they sued out writ of error and bring the case up for revision.

*Sims & Snodgrass* and *Fisher & Townes*, for plaintiffs in error.—1. A parol agreement to give a portion of the land to be acquired by location of a land certificate for services rendered in its location is valid, and authority to make such contract may be conferred and executed by parol. Watkins v. Gilkerson, 10 Texas, 340; Evans v. Hardeman, 15 Texas, 482; Mech. on Agency, secs. 81, 88, 89, 91, note 3; Story on Agency, sec. 47.

2. Where an agency is of such character that it may be created by parol, both the fact of the agency and its scope may be proven by circumstantial evidence; and especially is this true in instances where from lapse of time and death of the principal and agent direct testimony is inaccessible. The testimony of Bryan was admissible to show by the circumstances detailed the authority of Perry to act for the heirs of Hicks in employing Herndon. This it undoubtedly tended to do, and its sufficiency and weight were questions for the jury and not the court. Mech. on Agency, secs. 81, 83, 84.

3. The excluded testimony was admissible to prove directly the fact of Herndon's employment by Perry to locate the land for a one-third interest therein, and that this fact was communicated to the heirs of Hicks and acquiesced in and consented to by them, and consequently is binding on them. Mech. on Agency, secs. 84, 146, 148, 149, 150.

4. Where testimony is taken by deposition, and the witness has no opportunity for correction or explanation, it is error for the court to strike out a portion of an answer and permit the reading of a garbled remnant of the witness's statement which conveys altogether a different meaning from that intended to be expressed by the witness as shown by the whole of his answer.

*John H. Clark.* and *Martin & Strong*, for defendants in error.—1. The court did not err in excluding from the jury the evidence of the witness Guy M. Bryan, because said evidence was immaterial and irrelevant in that it showed no privity of contract between the heirs of Joseph W. Hicks and J. H. Herndon, the alleged locator, and was only the opinions and suppositions of the witness. Hudson v. Farris, 30 Texas, 574; McLemore v. Heffner, 33 Texas, 514.

2. A contract to locate a land certificate for an interest in the land is purely a personal contract or covenant, and not assignable in either law

or equity except with the consent of all parties privy.   McLemore v. Heffner, 33 Texas, 514; Hudson v. Farris, 30 Texas, 574; Sypert v. McCowen, 28 Texas, 636.

3.    To entitle a locator to an interest in land for locating and procuring a patent at his own expense, a contract to that effect with the owner of the certificate must be shown.   The only assumpsit the law will make is a pecuniary compensation for the services rendered.   Sypert v. McCowen, 28 Texas, 636; Ross v. Mitchell, 28 Texas, 150; Keen v. Casey, 22 Texas, 412; McLemore v. Heffner, 33 Texas, 514.

GAINES, ASSOCIATE JUSTICE.—This action was brought by Isaac P. Renfro and others to recover of A. J. Nations and J. R. Nations an undivided one-half interest in a tract of land consisting of 1476 acres, patented to Joseph W. Hicks.   The defendants pleaded not guilty, and in addition thereto J. R. Nations alleged that he bought an undivided one-third interest in the land from John W. Harris, and that Harris had conveyed to him with a general covenant of warranty; that Harris had since died, leaving a large estate, which had descended to and had come to the possession of John W. Harris, Jr., and others as his heirs, and prayed that such heirs be made parties defendant, and for judgment against them upon the warranty in the event the plaintiffs recovered in the suit.

There was a trial by a jury, which resulted in a verdict and judgment for the plaintiffs for the interest claimed by them in the land and in favor of the defendant J. R. Nations against the heirs of his warrantor for the consideration paid for the interest which purported to be conveyed to him.   From this judgment John W. Harris, Jr., and the other heirs of John W. Harris, deceased, appeal to this court.

It having been admitted that the plaintiffs were the heirs of Joseph W. Hicks, deceased, they introduced in evidence the patent to Hicks to the land in controversy and closed.   The patent was dated August 16, 1854.

It was also admitted that John H. Herndon and the parties claiming under him had had possession of the "patent introduced by plaintiffs (by permission of the defendants)" ever since it was issued.

The defendants then introduced in evidence a transcript from the record of the proceedings of the United States District Court for the Eastern District of Texas, showing that John H. Herndon was adjudged a bankrupt, that Branch T. Masterson was appointed assignee of his estate, and that a deed of assignment of the bankrupt's effects was made to him by the register in bankruptcy.   They also introduced a deed executed by Masterson, as assignee of an undivided one-third interest in the land in controversy, to John W. Harris, purporting to be made in pursuance of a sale by the assignee to the grantee therein.   This deed was dated October 19, 1869, and was recorded in Brown County in 1872 and in Coleman County in 1874.

The defendants also offered the deposition of Guy M. Bryan, and the following answers of the witness were admitted in evidence:

"I reside in Galveston County, Texas, where I have resided for the past twenty-nine years. I have resided in Texas since 1831 (August); most of the time from 1831 to 1859 in Brazoria County. James F. Perry was my step-father. I knew Joseph W. Hicks, John H. Herndon, and James F. Perry in Brazoria County, Texas, up to the time of their death. Believe I have seen the certificate No. 369, issued June 5, 1839, by the Board of Land Commissioners of Brazoria County, by virtue of which the Joseph W. Hicks 1476-acre survey in Coleman County was patented to the heirs of Joseph W. Hicks. I gave it to John H. Herndon.   *   *   * I believe I delivered the certificate to John H. Herndon in Brazoria County. If I did not my step-father did. I never heard of any objection being made by the Hicks heirs concerning the locating of the land."

Upon objection of the plaintiffs the following answers of this witness were excluded:

"For location on shares, representing my step-father, who was the friend of Hicks, acting for the benefit of his heirs, I suppose at their request, he having known them all in Missouri and Joseph Hicks when he was a boy. He, Joseph Hicks, was one of those who escaped from the Fannin massacre, and having no other friend in Texas, came to my step-father's premises almost naked. He remained at my step-father's until Mr. Perry got him employment, which was on Chocolate Bayou, Brazoria County, in a saw mill. Mr. Perry attended to his little affairs and informed his relatives of his death and the situation of his effects, and subsequently arranged with John H. Herndon to locate the land he was entitled to from the Republic for his services—Herndon paying all the expenses and taking part of the land for his locative interest, which was a third, I think."

These answers if not excluded would have supplied the hiatus in the testimony introduced indicated by the asterisks. They were in response to an interrogatory which, after naming the certificate, propounded the following question: "Did you ever see the certificate above referred to? If so, when and where and under what circumstances?"

The bill of exceptions does not show the grounds of objection. If the objection was that the answers were not responsive to the questions, it should have been in writing and notice should have been given to the defendants before the trial commenced. Rev. Stats., art. 2235. Such an objection goes to the manner and form of taking the deposition. Brown v. Mitchell, 75 Texas, 9; Lee v. Stowe, 57 Texas, 444.

Counsel for appellees insist in their brief, in substance, that the testimony was improper because the witness was testifying only to his opinion or belief. But much of the excluded testimony certainly was not subject to this objection; and we are of opinion that none was except the words "I suppose at their request." He testifies positively that the agreement

between Perry and Herndon was that Herndon was to locate the certificate for an interest in the land; and when he says he thinks the interest was a third, we understand him to mean that such was his recollection.

What a witness believes as derived from a certain state of facts is but his conclusion and is not evidence. When he has been in position to know the facts, but his memory has grown dim, what he thinks he recollects is, if relevant, proper to be admitted and to be weighed in connection with the other testimony in the case. The relevancy of the excluded testimony depended upon the question whether there was any evidence from which the jury would have been authorized to draw the conclusion that Perry had authority to make the contract; and we are of opinion that the circumstances in evidence were sufficient for this purpose. The transaction to which the witness testified was a very old one. The date is not fixed, but we know it must have been before the patent issued, which was in August, 1854—more than thirty-three years before this suit was instituted and more than thirty-four before it was tried. It was not required that a contract for the location of the certificate upon shares should be in writing, and in like manner authority to make the contract may have been by parol. It is not to be presumed that at this late day witnesses could be found by whom such authority could be directly proved. But the fact that Perry made the contract, that Herndon procured and held possession of the patent, that he retained an undivided one-third interest in the land upon his schedules in bankruptcy, that the assignee sold it as his property, and that Harris sold again without any adverse claims being set up, are circumstances from which a jury might infer that Perry was duly authorized to make the agreement.

That a power to convey lands may, under certain circumstances, be presumed after a lapse of thirty years has been frequently decided in this court. Veramendi v. Hutchins, 48 Texas, 531, and cases cited; Harrison v. McMurray, 71 Texas, 122, and cases cited; Garner v. Lasker, 71 Texas, 431, and cases cited.

The case last cited is authority for the proposition that possession is not in every case necessary in order to authorize the presumption.

We are of opinion that the court erred in excluding the testimony, and for that error the judgment is reversed and the cause remanded.

*Reversed and remanded.*