## J. H. ANDREWS ET AL. V. ED. BONHAM.

### Delivered June 9, 1898.

**1. Acknowledgment of Married Woman—Explaining Deed.**

The officer taking the acknowledgment of a married woman to a deed absolute on its face, executed by herself and her husband and conveying the homestead, need not explain to her the purpose of another instrument executed by the grantee to the husband showing that the deed might be intended as a mortgage.

**2. Evidence—Hearsay.**

Evidence that a husband told his wife before a deed absolute on its face was executed by them that it was made as a security for a debt and a further advancement of money, is inadmissible as hearsay on the sole issue as to whether or not such deed was intended as a mortgage, no fraud upon the wife being alleged.

APPEAL from Jackson. Tried below before Hon. T. S. REESE.

*J. M. Moore,* for appellants.

*A. B. & W. M. Peticolas,* for appellee.

WILLIAMS, ASSOCIATE JUSTICE.—Appellee sued in trespass to try title to recover of J. H. Andrews the land in dispute. Mrs. Andrews intervened and was permitted to defend, alleging in her plea that plaintiff's title was derived from a deed to him from her husband and herself, absolute on its face but in fact intended, as evidenced by another instrument executed contemporaneously with and as a part of it, as a mortgage to secure a debt due from her husband to plaintiff; that the land,

at the time such instruments were executed, was the homestead of herself and husband, and that such deed was consequently void. The evidence upon the trial conflicted as to the purpose for and agreement under which the papers were executed, plaintiff's evidence tending to show that the deed was executed to pay a debt owed him by Andrews as well as in consideration of a cash balance of the purchase price, and defendant's evidence tending to show that the transaction was intended simply to secure the payment of the pre-existing debt and the loan of the additional sum received by Andrews at its date. The question was fairly submitted to the jury by a charge which is not complained of, and as their verdict was in favor of plaintiff, the facts will be stated in accordance with plaintiff's version.

Andrews, before his marriage, duly executed to Bonham a mortgage on the land in controversy to secure payment of his note to Bonham and interest and such other sums as Bonham should thereafter advance to Andrews. Other advances were made, increasing the debt to about $900, partly before and partly after Andrews' marriage. About the date of the transaction in controversy, Andrews applied to Bonham for an extension of time on his indebtedness. Bonham declined, giving as his reason that Andrews had married and could not give a lien on his homestead, but told Andrews that he would buy the place, and a trade was arranged in which Bonham agreed to buy the place for $1500, releasing the debt of about $900 and paying the balance in cash, and to lease the place to Andrews for three years for $150 per annum rent, and to reconvey to Andrews the land upon his paying, at any time within three years, $1500 and whatever sum might then be due as rent.

The contract as agreed upon was reduced to writings, consisting of an absolute deed from Andrews and wife, duly acknowledged by both, to Bonham for the land, reciting consideration of $1500 paid, and another writing signed by Bonham and Andrews containing the stipulations as to leasing and reconveyance. Both bear the same date and were executed on the same day, but the latter instrument was not executed until after the deed had been signed, acknowledged, and delivered. At same time the deed of trust on the land was canceled on the record. The evidence is sufficient to show that the transaction was intended to be a conditional sale with privilege on Andrews' part of repurchasing, and that there was, after it was consummated, no indebtedness from Andrews to Bonham except such as accrued for rent.

The transaction was negotiated between Andrews and Bonham, Mrs. Andrews taking no part in it except to acknowledge the deed, which was fully explained to her as passing the title to the property. The other instrument was not referred to by the officer who took the acknowledgment, though he knew it was to be executed.

The first and second assignments of error involve the proposition that in taking Mrs. Andrews acknowledgment to the deed, it was necessary for the notary to explain to her the other instrument which was to be executed as a part of the same transaction.

We do not agree that this is the law. The instrument acknowledged was on its face complete and capable of passing absolute title to the land. If it had a less effect than that it was because its· operation was modified by other instruments or agreements executed by Bonham and Andrews. If the conveyance was absolute and unconditional the full title passed. If there were conditions arising out of the stipulations of the grantee, the deed was yet complete as a paper forming part of the contract and expressing the act of the grantors therein done in accordance with the contract. If the whole contract had been expressed in one instrument, signed by all parties and acknowledged by all, the acknowledgment of Mrs. Andrews would have related only to the part of it which represented her contract and acts.

The fact that two instruments were executed does not alter the effect of the transaction. The contract at least, when completed, was just what had been agreed upon. If a fraud were practiced upon the wife by means of two instruments, and the purchaser was chargeable with participation or notice thereof, the contract might be avoided for such fraud, but not for want of due execution of the instruments. Nothing of the sort is alleged. The defense is, that the transaction as agreed upon was a mortgage, and the deed was a part of that transaction.

Whether a mortgage or conditional sale, the deed was complete as an essential part of it, representing the act of one of the contracting parties.

The statute requires the privy examination of a married woman only as to "any conveyance or other instrument purporting to be executed by her," and it is only the instrument to be acknowledged that is required to be explained to her. This examination and explanation are to be evidenced by the certificate attached to the instrument acknowledged. A statement of the officer attached to one instrument that he explained to the woman another instrument would be wholly outside of the statute and irrelevant. Since the execution of the other instrument by Mrs. Andrews was unnecessary, her acknowledgment of it was unnecessary, and hence any certificate concerning it would have been out of place. An authority in point is the decision of the Supreme Court of California in the case of Bull v. Coe, 77 California, 54, same case, 11 American State Reports, 235. The same objection urged here was there made to a deed of a married woman, and was held unsound.

There was no error in refusing to allow Andrews to testify, as a witness, that he told his wife before the deed was executed that it was to be made as ·a security for the debt and a further advancement of money. With reference to the issue before the court this evidence would have been hearsay. It was not charged that Andrews had practiced a fraud upon his wife and that the purchaser had notice of such fraud. The sole issue was as to mortgage vel non, and that depended on the agreement between Bonham and Andrews. Brewster v. Davis, 56 Texas, 480.

No error being shown, the judgment is affirmed.

*Affirmed.*

Writ of error refused.