H. B. CLAFLIN & CO. v. J. R. HARRINGTON ET AL.

Decided March 7, 1900.

1. **Fraud as to Wife's Acknowledgment—Pleading Requisite.**

Where it is sought to set aside a wife's deed on the ground that the property was homestead and the transaction in reality a mortgage, evidence as to statements of the husband to the wife by which she was induced to sign the deed, the grantees not being present, are not admissible, where it is not alleged in the pleadings that she was induced to sign the deed by reason of such fraudulent conduct of the husband.

### 2.   Same—Wife's Intention Immaterial—Certificate Conclusive.

The notary's certificate to the wife's acknowledgment of a deed is conclusive as to her intention where no fraud or imposition is alleged in which the grantee participated or of which he had knowledge, and her evidence that she believed the instrument was a mortgage is, in such case, inadmissible.

### 3.   Same—Charge of Court—Issue Without Pleading—Fraud.

It is error for the charge to submit an issue as to the wife's signature and acknowledgment having been obtained by false representations to her, where such fraud is not alleged in the pleadings.

### 4.   Negotiable Note—Collateral Security—Valuable Consideration.

The transfer of a negotiable note as collateral security for a pre-existing debt is in due course of trade and for a valuable consideration.

### 5.   Depositions—Answer Not Responsive—Objection Formal.

The objection that an answer to an interrogatory is not responsive goes to the manner and form of taking the deposition and must be urged by motion made before trial is entered on.

APPEAL from Hill.   Tried below before Hon. J. M. HALL.

*B. D. Tarlton, G. D. Tarlton,* and *W. C. Morrow,* for appellants.

*W. M. Flournoy* and *Jo. Abbott,* for appellees.

BOOKHOUT, ASSOCIATE JUSTICE.—This suit was brought by H. B. Claflin & Co. against J. R. Harrington and wife for the amount of five notes, each for $447.70, dated February 26, 1889, due respectively November 15, 1889, 1890, 1891, 1892, 1893, and to foreclose vendor's lien on 200 acres of land in Hill County, in part payment for which the notes were executed.   The pleadings and the facts showed that the land in controversy had been the homestead of J. R. Harrington and wife; that in 1887 Harrington and one Powers were in the mercantile business together, and that Harrington and wife deeded the land in controversy to Powers and took his negotiable notes for same and transferred them to Lessing, Solomon & Rosenthal to secure advances of merchandise; that in February, 1889, Harrington & Powers were indebted to Lessing, Solomon & Rosenthal, on account of merchandise furnished, in an amount of about $3700; that Lessing, Solomon & Rosenthal became dissatisfied with the account, and on February 20, 1889, Rosenthal went to see Harrington & Powers, and a transaction was had whereby Powers deeded the land back to Harrington, Harrington released the lien to Powers, and Harrington and wife deeded the land to Rosenthal & Solomon; that on February 26, 1889, Solomon & Rosenthal deeded the land back to Harrington, and Harrington executed the notes in question, the deed and the notes reciting a vendor's lien on the land.   Harrington and wife claimed that the notes evidenced a mortgage on their homestead. Plaintiffs claimed (1) that the transaction was a bona fide sale; (2) that they were bona fide holders of the notes, having acquired them before maturity for value without notice.

A trial before a judge resulted in a verdict for plaintiffs against Harrington for the debt, and for defendants as to the lien.   Motion for new

trial was overruled, and H. B. Claflin & Co. appeal. The case was before the Supreme Court under a somewhat different state of facts upon writ of error and is reported in 91 Texas, 294.

Appellants' first assignment of error complains that "the court erred in overruling the plaintiffs' objection to the following testimony of the defendants' witness, Mrs. T. N. Harrington, in answer to the seventh interrogatory propounded to her: 'I was in another room apart from the company, and my husband came in and told me that the papers were ready to sign, and I replied that I was unwilling to sign any papers. Being informed that there was no impropriety in signing them, I was thereby induced to sign them,' referring to the deed executed by the witness and her husband to Solomon & Rosenthal. This testimony was objected to on the ground that it was hearsay, and that it was incompetent as affecting plaintiffs, it appearing therefrom that the grantees were not present at the time said statements were communicated to her by her husband, J. R. Harrington."

The record shows that Mrs. Harrington testified as set out in the assignment of error.

The plaintiffs excepted to the evidence on the grounds set forth in said assignment. The exception was overruled and plaintiffs took a bill of exception. The answer does not allege that Mrs. Harrington was induced to sign the deed by reason of the fraudulent acts or conduct of her husband. The issue as presented by the answer was, that the transaction between Lessing, Solomon & Rosenthal and Harrington evidenced a mortgage. The testimony was not admissible, and the above assignment is well taken. Andrews v. Bonham, 46 S. W. Rep., 902; Brewster v. Davis, 56 Texas, 480.

The second and third assignments of error complain of the action of the court in admitting other testimony of Mrs. Harrington as to representations made to her by her husband, which induced her to sign the deed, none of the grantees being present at the time. This evidence was not admissible under the issues presented in the pleading, and these assignments are well taken.

For the same reason it was error, as set forth in the fifth assignment of error, to admit the testimony of J. R. Harrington as to representations made by him to his wife and which induced her to sign the deed, none of the grantees being present at the time.

The fourth assignment of error complains of the action of the court in permitting Mrs. Harrington to testify over plaintiff's objection, that "I did not believe I was making an absolute conveyance to the land therein conveyed. I should not have executed said deed if I had known or believed I was conveying said property to Solomon & Rosenthal." The objection to this testimony was, that it was immaterial, and that it was incompetent to impeach the notary's certificate to the deed. The evidence which tended to show that Mrs. Harrington was induced to sign the deed through fraud practiced upon her having been held inadmissible,

it follows that the evidence as to Mrs. Harrington's intention at the time she signed the deed becomes immaterial.

The notary's certificate to her deed is conclusive as to her intention, unless fraud or imposition is alleged, and in which the grantee participated or had knowledge. Davis v. Kennedy, 58 Texas, 519; Walter v. Weaver, 57 Texas, 571; Kocourek v. Marak, 54 Texas, 205; Pool v. Chase, 46 Texas, 210; Herring v. White, 25 S. W. Rep., 1016. The above assignment is well taken.

The sixth assignment of error complains of the following charge of the court: "If you believe from the evidence that the deed aforesaid was intended by Harrington & Rosenthal as a conveyance, and further believe from the evidence that J. R. Harrington falsely and fraudulently represented to his wife that said deed was not so intended, and by such representations deceived her and induced her to sign said conveyance, and further believe that said instrument was explained to Mrs. Harrington by the notary who took her acknowledgment, and that she signed it willingly, after such explanation, then you will find for plaintiff, unless you further believe that Rosenthal requested Harrington to procure her to execute the deed by deceit." The pleadings did not authorize the submission to the jury of the issue presented in the concluding clause of the above charge. As before stated the answer does not allege that Rosenthal induced Dr. Harrington to procure Mrs. Harrington's signature to the deed by fraud or deceit. The charge was not based upon any pleading, and was misleading and prejudicial to appellant. Loving v. Dixon, 56 Texas, 75; Dodd v. Arnold, 28 Texas, 97.

There was some evidence in the record tending to show that the deed executed by Dr. Harrington and wife to Solomon & Rosenthal on February 20, 1899, was intended as a mortgage to secure an indebtedness due them from Dr. Harrington, and the court did not err in submitting this issue to the jury. We overrule the seventh assignment of error.

The eighth assignment of error reads: "The court erred in refusing the special instructions requested by plaintiffs to the effect that the jury would find for the plaintiffs for their debt and foreclosure, because the undisputed evidence shows that the notes in dispute were pledged to plaintiff before maturity, and that plaintiffs acquired them without notice of any defect."

There was evidence to the effect that the notes were placed with the Waco State Bank and with the American National Bank of Waco, Texas, on either October 13, 1889, or October 14, 1889, as collateral security to the debts owed to the said banks, H. Kempner of Galveston, and H. B. Claflin & Co. of New York, with the agreement and understanding with the Waco State Bank and the American National Bank that, if their debts were paid without resorting to the collaterals, then and in that event these collaterals were to go to H. Kempner, who was also a large creditor of Lessing, Solomon & Rosenthal, and with the further understanding and agreement at the date of such deposit that when Kempner was paid, said collaterals acquired by him from the Waco State Bank and

the American National Bank, or any part of them remaining with him, were to go to H. B. Claflin & Co., who were likewise large creditors of Lessing, Solomon & Rosenthal, and to whom they still owe a large sum of money.

The transfer of a negotiable note as collateral security for a pre-existing debt is in due course of trade and for a valuable consideration. Greneaux v. Wheeler, 6 Texas, 575; Kaufman v. Roby, 60 Texas, 308; Brown v. Thompson, 79 Texas, 58; Marx v. Dreyfus, 29 S. W. Rep., 232.

If Lessing, Solomon & Rosenthal, the holders of the notes, were indebted to the banks and to H. Kempner and to H. B. Claflin & Co., and deposited the notes before the maturity of either of them with the banks as security for the debts due the banks, with the agreement between the parties at the time of such deposit that after the payment of the banks' debts the notes should go to H. Kempner to secure his indebtedness and upon the payment of the Kempner debt they should go to H. B. Claflin & Co., as security for their debts, and the debts of the banks and of H. Kempner have been paid, and there is still a balance due from Lessing, Solomon & Rosenthal to H. B. Claflin & Co., then Claflin & Co. are the holders of said notes for value in due course of trade. Harrington v. Claflin, 91 Texas, 294; Philler v. Jewett, 31 Atl. Rep., 204.

The evidence was not, as contended by appellants, undisputed that the notes were pledged to them before maturity without notice of any defect in the same. The court did not err in refusing the special charge instructing a verdict for plaintiffs and a foreclosure of their lien.

The tenth assignment of error reads: "The court erred in excluding the statement of the plaintiffs' witness, J. A. Solomon, in answer to the third interrogatory propounded to said witness, which excluded statement was as follows: 'He (meaning Dr. Harrington) made no complaint of any kind about the purchase of the farm,' which statement was excluded on the objection that it was not responsive to the interrogatory, and was offered under circumstances more fully disclosed by plaintiffs' bill of exception number 3."

Our courts hold that the objection to an answer contained in a deposition which is not responsive to the interrogatory relates to manner and form of taking the deposition, and must be taken advantage of by a motion to suppress made before announcing ready for trial. Railway v. Kemp, 30 S. W. Rep., 714; Harris v. Nations, 79 Texas, 409.

It follows that the tenth assignment is well taken.

In view of our disposition of the case it becomes unnecessary to pass upon the eleventh and twelfth assignments of error relating to the form of the verdict. We have examined the remaining assignments of error and do not think they are well taken, and hence are overruled.

For the errors pointed out the judgment is reversed and the cause remanded.

*Reversed and remanded.*