**STARR PIANO CO. v. JIMMERSON et al.**
**(No. 3131.)**

(Court of Civil Appeals of Texas. Texarkana.
Dec. 10, 1925. Rehearing Granted.
Dec. 24, 1925.)

1. **Depositions** ⊜➾107(1)—**Objection to answer as unresponsive held waived.**

Objection to answer in deposition as unresponsive was waived, where the objection was not reduced to writing and filed before announcement for trial as required by Rev. St. 1911, arts. 3676, 3677.

2. **Chattel mortgages** ⊜➾47, 188(2)—**Plaintiff, having no interest in property, could not assert invalidity of mortgage.**

Creditor, having no interest in property mortgaged by debtor, could not assert invalidity of mortgage by reason of the indefinite description in it, or because it covered goods daily exposed for sale.

3. **Chattel mortgages** ⊜➾235—**Property could be delivered in satisfaction of debt, whether mortgage valid or not.**

Chattel mortgagor had right to deliver mortgaged property to mortgagee in satisfaction of debt, whether mortgage was valid or not.

Appeal from District Court, Rusk County; R. T. Brown, Judge.

Action by the Starr Piano Company against Mack Jimmerson and the First National Bank of Henderson. Judgment for plaintiff against first-named defendant, and in favor of bank against plaintiff, and, from such judgment, plaintiff appeals. Affirmed.

George Sergeant, of Dallas, and W. M. Futch, of Henderson, for appellant.

J. W. McDavid, of Henderson, for appellee.

HODGES, J. The appellant, Starr Piano Company, a private corporation, brought this suit against Mack Jimmerson and the First National Bank, of Henderson to recover the value of some pianos of which it claimed the ownership, and which it alleges had been converted by the bank and Jimmerson.

The facts show that about March, 1920, Jimmerson owed the Starr Piano Company approximately $1,040, evidenced by a note, what are called "trade acceptances," and upon open account. The debt was based upon purchases of pianos made by Jimmerson from the Starr Piano Company in the previous course of business. By way of settlement with the company for his debt, Jimmerson executed the following instrument:

"For a consideration of $1 cash in hand, the receipt hereby is acknowledged, and other valuable considerations, I hereby sell and transfer to the Starr Piano Company, of Richmond, Ind., the following pianos and player pianos: One Remington piano No. 134882, price $165; one Remington piano No. 139180, price $165;

one Richmond piano No. 142571, price $230; one Remington player No. 141173, price $280.

"It is understood and agreed that these instruments are to remain on hand with Mr. Jimmerson until July 1, 1920, unless sold by him in the meantime, and, if sold, the entire proceeds of each sale are to be remitted to the Starr Piano Company, at Richmond, Ind.

"In the event the pianos are not sold by him July 1, 1920, then he is to reship these instruments to Dallas, Tex., prepaying the freight on them to this place. These instruments are to be kept insured in some reliable insurance company against loss by fire; said policy to be payable to the Starr Piano Company as their interests appear.

"This agreement is taken subject to the approval of the Starr Piano Company.
                              "[Signed]  Mack Jimmerson.
"Witness:  G. H. Jackson."

That agreement was executed at the instance of G. H. Jackson, an agent of the Starr Piano Company. It was not registered in the office of the county clerk. Some time later Jimmerson executed a mortgage on the same pianos to secure an indebtedness to the First National Bank of Henderson. At the maturity of the debt to the bank, the latter, with Jimmerson's consent, took possession of two of the pianos embraced in the bill of sale to the Starr Piano Company.

In a trial before a jury, a judgment was rendered in favor of the bank against the piano company, and in favor of the piano company against Jimmerson on the alternative prayer for judgment for its debt aggregating $830.

Jimmerson testified in his case by deposition. Among the interrogatories propounded to him was the following:

"If, in answer to interrogatories 5, 6, and 7 you say that you did sell, transfer, and deliver certain pianos to the First National Bank of Henderson, Tex., either in the year 1919 or 1920, then please state whether or not, at the time you sold said pianos to said bank, you notified or told said bank, or its cashier, or other officials thereof, that the plaintiff in this case had any valid or subsisting lien against same."

To which he answered:

"At the time the transfer was made, I informed the cashier of the First National Bank of Henderson, Tex., that the Starr Piano Company had taken a bill of sale to the four pianos as aforesaid. (Explanation.) The bill of sale was given with the understanding that, if the Starr Piano Company accepted the same I was to receive by return mail my trade acceptance notes; and, if the Starr Piano Company did not accept the bill of sale for the pianos, they were to hold the trade acceptance notes. Three months after I had turned over the pianos to the First National Bank of Henderson, Tex., and after I had gone out of business, the Starr Piano Company mailed me the notes, or trade acceptance notes, which were the same notes that the Starr Piano Company was to send me by return mail, immediately after giving bill of

sale to the four pianos as aforesaid, provided the bill of sale was accepted as a settlement between the Starr Piano Company and Mack Jimmerson (myself)."

Appellant objected to the introduction of that portion of the above answer following the word "Explanation" mainly upon the ground that the answer was not responsive to the interrogatory. We think the objection should have been sustained, for clearly the "explanation" given was not called for by the question. In addition to being a voluntary statement, it related to the controlling issue in the case. According to that statement, the bill of sale, which passed the title to the pianos to the Starr Piano Company, never became effective, and they were the property of Jimmerson at the time he delivered them to the bank. Notice of an unaccepted bill of sale could not affect the right of the bank to take the pianos in part settlement of its claim against Jimmerson.

If, at the time the property was mortgaged or delivered to the bank it belonged to the appellant, Jimmerson had no right to mortgage or sell it in satisfaction of his pre-existing debt. On the other hand, if at that time the title to the property was still in Jimmerson, he did have the right. If, as stated by Jimmerson, the appellant had failed to accept the terms of the bill of sale till some months after the transaction with the bank, then Jimmerson had not parted with his former title, and his transfer was valid.

There are other rulings assigned as error, but they need not be discussed.

For the reasons stated, the entire judgment will be reversed, and the cause remanded.

### On Motion for Rehearing.

[1] Counsel for appellees, in the motion for rehearing, refer to articles 3676 and 3677, which require that an objection to the form and manner of taking a deposition must be reduced to writing and filed with the papers in the cause before announcement for trial. Our attention is called to the fact that no such objection was filed in this case. It has been held that an objection, upon the ground that the answer of the witness was not responsive to the question is one which goes to the form and manner of taking depositions. I. & G. N. Ry. Co. v. Kuehn et al., 2 Tex. Civ. App. 210, 21 S. W. 58; Claflin et al. v. Harrington et ux., 23 Tex. Civ. App. 345, 56 S. W. 370. Such objection must here be treated as having been waived. We have again examined the record in this case, and find that there is no other ground upon which the judgment should be reversed.

[2, 3] The contention urged by the appellant that the description of the property in the mortgage to the bank was too indefinite is not tenable, because in this instance appellant had no mortgage and claimed none.

Its claim was based upon a contract of sale, which we think the court had a right to find had never been accepted so to become binding. Appellant's claim was first set up after the property had been delivered by the mortgagee to the possession of the bank. For the same reason there is no merit in the objection that the mortgage to the bank was ineffective because it applied to goods daily exposed for sale. The controlling question is not whether the mortgage to the bank was valid, but whether Jimmerson had a right to deliver the property to the bank in satisfaction of his debt. We think he did have that right.

We have concluded that the judgment heretofore rendered, reversing and remanding this case, should be set aside, and the judgment of the trial court affirmed.