## TEXAS OSAGE CO-OP. ROYALTY POOL et al. v. GUZMAN et al.

### No. 10960.

Court of Civil Appeals of Texas. San Antonio.

June 1, 1941.

Rehearings Denied July 9, 1941.

House & Irvin, of San Antonio, for appellants.

Weatherly & Weatherly, of Falfurrias, for appellee.

MURRAY, Justice.

This is an appeal from a judgment in the District Court of Brooks County, Texas, cancelling a mineral deed dated December 11, 1930, purportedly executed by Severa Vda. B. de Mangell and husband, P. E. Mangell, to the Texas Osage Co-Operative Royalty Pool, J. R. Klumb, T. Fred Evins, W. M. Morgan and Flag Oil Company, a Texas corporation, conveying one-half of the oil and other minerals in and under a certain 315 acres of land lying and being situated in Brooks County, Texas, and owned by said Severa Vda. B. de Mangell.

The trial was before the court without the intervention of a jury, who made and filed the following Findings of Fact and Conclusions of Law:

### "Findings of Fact

"I. I find that Severa S. de Mangel and Prospero Mangel were husband and wife on December 11th, 1930, and since which time they have lived together as such.

"II. I find that Severa S. de Mangel, before becoming the wife of Prospero Mangel, had been married to Luis Guzman, now deceased, and that the plaintiffs, Samuel Guzman and Meliton Guzman are the children of said Severa S. de Mangel and Luis Guzman; that the said Samuel Guz-

man was born November 2nd, 1913, and that the said Meliton Guzman was born November 15th, 1915, and that neither of said children was 21 years of age on December 11th, 1930, when Plaintiffs' Exhibit No. 4 (the purported mineral deed) was executed, and neither of said children has ever ratified said instrument.

"III. I further find that the land involved in this suit was the community property of said Severa S. de Mangel and her former husband, Luis Guzman.

"IV. I find that Severa S. de Mangel signed the mineral deed, dated December 11, 1930, and identified as plaintiffs' Exhibit No. 4, under a mistake of fact and believing the same to be a mineral lease in form and effect customarily used in making mineral leases in Texas.

"V. I further find that no consideration of value or of forbearance passed to said Severa S. de Mangel for the signing and delivery of said mineral deed dated December 11th, 1930, and being plaintiffs' Exhibit No. 4.

"VI. I further find said Texas Osage Co-Operative Royalty Pool is and on December 11th, 1930, was organized and operating in Texas as a business trust or as a common law trust or as such concerns so constituted are also sometimes called a 'Massachusetts Trust,' and prior to and on December 11th, 1930, and at the time of the signing of said mineral Deed, plaintiffs' Exhibit No. 4, said Severa S. de Mangel was not informed and did not know and by the use of such reasonable diligence as a person of ordinary care would have used under the circumstances could not have known anything of the facts respecting the said details and character of the said organization.

"VII. I further find that the Trust Agreement, identified as plaintiffs' Exhibit No.' 1, was on December 11th, 1930, of record in the office of the County Clerk of Brooks County, Texas, but that the plaintiffs had no notice of said agreement or of the record thereof, and that neither of said plaintiffs had any notice of any responsibility for any obligations, debts and liabilities which they might incur by signing and delivering said mineral deed identified as plaintiffs' Exhibit No. 4.

"VIII. I further find that plaintiff Severa S. de Mangel was ignorant of any legal responsibility or liability being incurred by her resulting from her act of signing said mineral deed, and that she in fact believed that said deed was a mere mineral lease for a limited term in the form customarily used in making mineral leases in Texas, and that her responsibilities and liabilities would only be those of a lessor executing a mineral lease, and that she would not have signed said mineral deed if she had not been so mistaken.

"IX. I further find that the acknowledgment attached to said mineral deed is false in that the true import, contents and consequences of said mineral deed were not fully and correctly explained to Severa S. de Mangel by the Notary Public purporting to take said acknowledgment, and that the said Severa S. de Mangel would not have signed said instrument if she had known the same was a mineral deed, and, if she had been informed by the Notary Public of the true contents thereof, after having signed the same, she would have retracted her signature thereto.

"Conclusions of Law

"I. I conclude as a matter of law that the Statute of Limitations has never run against plaintiffs' cause of action.

"II. I further conclude that Severa S. de Mangel, being a married woman, did not legally acknowledge the instrument designated as plaintiffs' Exhibit No. 4.

"III. I further conclude that the mineral deed, dated December 11th, 1930, designated as plaintiffs' Exhibit No. 4, did not pass any title to the grantee therein or to the Texas Osage Co-Operative Royalty Pool or to the trustees thereof.

"IV. I further conclude that the holders of headright certificates or beneficial interests in said Texas Osage Co-Operative Royalty Pool are full partners and they are fully responsible for the fulfillment of the obligations of said Pool.

"V. I conclude as a matter of law that the plaintiffs are entitled to judgment as rendered herein.

"VI. I further conclude as a matter of law that all costs incurred herein should be taxed against defendants."

Appellants' first proposition is that, "where one sues for the cancellation of a mineral deed that she gave in exchange for a Headright Certificate or share in a trust estate, and dividend checks which she received, she must allege that the minerals conveyed were of greater value than the Headright Certificate and dividend checks she received, and where she fails to do so, as the Appellee, Severa Vda. B. de Mangell,

did in this case, her petition is subject to a general demurrer."

The record shows that Severa Vda. B. de Mangell did receive in exchange of the mineral deed a Headright Certificate or interest in the Texas Osage Co-Operative Royalty Pool and certain dividend checks amounting to the sum of $33.32. She does not allege or introduce evidence to.show that the mineral interest conveyed by her was of greater value than the Headright Certificate and dividend checks which she received.

What was said by Chief Justice Smith in Texas Osage Co-Operative Royalty Pool et al. v. C. A. Brown, et ux., Tex.Civ.App., 118 S.W.2d 944, 945, is directly in point: "The judgment must be reversed, if for no other reason, because of the failure of appellee to allege or introduce evidence to show that the property he conveyed had or has as great, or greater, value than that he received in exchange therefor. The rule is well established, and uniformly applied in such cases as this, that the equitable remedy of rescission and cancellation will not lie in cases of fraudulent misrepresentations made to induce exchange of properties, unless some injury or damage has resulted to the party claiming to be aggrieved. 2 Pom.Eq.Jur. (4th Ed.) § 898; Black Resc. & Canc. § 567; Russell v. Industrial Transportation Co., 113 Tex. 441, 251 S.W. 1034, 258 S.W. 462, '51 A. L.R. 1; Bryant v. Vaughn, Tex.Com.App., 33 S.W.2d 729; Blankenship v. Lusk, Tex. Civ.App., 77 S.W.2d 341; American Rio Grande Land & Irrigation Co. v. Bellman, Tex.Civ.App., 272 S.W. 550. The record here is utterly silent upon this issue, both in pleading and evidence. We sustain appellants' third and fourth propositions." See, also, Blankenship v. Stricklin, Tex. Civ.App., 77 S.W.2d 339; Blankenship v. Lusk, Tex.Civ.App., 77 S.W.2d 341.

Appellees contend that there are certain allegations in the petition which can be construed as furnishing the necessary averments, but the trouble is they are found in that count in the petition which was expressly abandoned.

Appellees based their right to have this mineral deed cancelled upon fraud, misrepresentation and concealment, but there are no facts, either alleged or shown by the evidence, which would constitute fraud, misrepresentation or concealment on the part of appellants. The trial court does not make a finding of fraud, misrepresentation or concealment. We sustain appellants' third, fourth and fifth propositions.

The judgment below was based, among other things, upon a want of or failure of consideration. Such finding is not supported by the evidence, as the record clearly shows that appellee Mangel received as a consideration for such mineral deed a Headright Certificate and certain dividend checks.

Appellee Severa Mangel contends that the notary taking her separate acknowledgment to the mineral deed did not fully explain the same to her, in that he did not explain to her the provisions of the "Declaration of Trust" under which the Osage Co-Operative Royalty Pool was operating. It was only necessary for the notary to explain to her the instrument which she was executing and it is not required that such notary explain some other instrument. 1 Tex.Jur. p. 542; Andrews v. Bonham, 19 Tex.Civ.App. 179, 46 S.W. 902; Ward v. Baker, Tex.Civ.App., 135 S.W. 620.

The trial court found that Severa Vda. B. de Mangell did not know that the instrument that she signed was a mineral deed but thought that it was an ordinary oil lease, and had she known that it was a mineral deed she would not have signed it. There is not a finding that this mistake was a mutual mistake. It must therefore be regarded as a unilateral mistake which would be insufficient to sustain a judgment for the cancellation of the conveyance. May v. San Antonio & A. P. Town Site Co., 83 Tex. 502, 18 S.W. 959; Houston & T. C. Ry. Co. v. Burns, Tex.Civ.App., 63 S.W. 1035.

Accordingly the judgment of the trial court will be reversed and the cause remanded for another trial.